**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL HARRIS,<br><br>    Plaintiff,<br><br>    v.<br><br>R. PIMENTEL, et al.,<br><br>    Defendants. | Case No. 1:13-cv-01354-MJS (PC)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION CONSOLIDATING CIVIL CASE No. 1:13-cv-01390-GSA WITH RELATED AND PREVIOUSLY FILED CIVIL CASE No. 1:13-cv-01354-MJS**<br><br>**ORDER GRANTING IN FORMA PAUPERIS STATUS IN CASE No. 1:13-cv-01354-MJS AND DIRECTING PAYMENT OF INMATE FILING FEE BY CALIFORNIA DEPARTMENT OF CORRECTIONS**<br><br>**(ECF No. 4)**<br><br>**CLERK TO ADMINISTRATIVELY CLOSE CASE NO. 1:13-cv-01390-GSA** |

Plaintiff is a state prisoner proceeding pro se in this civil rights action filed August 26, 2013 pursuant to 42 U.S.C. § 1983.

Before the Court is Plaintiff's motion (ECF No. 4) to consolidate the instant action with Harris v. Pimentel, 1:13-cv-1390-GSA filed August 30, 2013. Plaintiff notes he was granted in forma pauperis ("IFP") status in 1:13-cv-1390-GSA and so asks that he be relieved of the obligation to reapply for that status in this case.

Federal Rule of Civil Procedure 42(a) permits the Court to consolidate actions

involving a common question of law or fact, and consolidation is proper when it serves the purposes of judicial economy and convenience. "The district court has broad discretion under this rule to consolidate cases pending in the same district." Investors Research Co. v. United States District Court for the Central District of California, 877 F.2d 777 (9th Cir. 1989). In determining whether to consolidate actions, the Court weighs the interest of judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation. Southwest Marine, Inc., v. Triple A. Mach. Shop, Inc., 720 F.Supp. 805, 807 (N.D. Cal. 1989).

The factual allegations, claimed violations, and defendants named in Harris v. Pimentel, 1:13-cv-1390-GSA are identical to those raised in the instant complaint. Both complaints seek monetary and injunctive relief for claimed First and Fourteenth Amendment violations arising out of an alleged January 14, 2013 cell search involving Plaintiff's "Holy Quran" and denial of a related grievance. The two actions involve common questions of law and fact and therefore warrant consolidation. Pierce v. County of Orange, 526 F.3d 1190, 1203 (9th Cir. 2008). The Court foresees no risk of delay, confusion, or prejudice through consolidation. Accordingly, it will consolidate 1:13-cv-1390 with the instant case. Since the present case was the earlier of the two, the new action will maintain the original case number, 1:13-cv-1354.

A Plaintiff may not proceed with an action unless he either pays a $400.00 filing fee or submits an application to proceed IFP pursuant to 28 U.S.C. § 1915. The order granting Plaintiff IFP status in 1:13-cv-1390-GSA is not controlling in this consolidated action; that order shall be disregarded. However, the Court takes judicial notice of the content of the application in 1:13-cv-1390 and, finding that it adequately establishes Plaintiff's IFP status for this case and that no useful purpose would be served by requiring Plaintiff to reapply, grants Plaintiff IFP status in this consolidated case.

However, under 28 U.S.C. § 1915(a)(b)(1), prisoners proceeding IFP are still obligated to pay the filing fee, albeit over time and by way of periodic withdrawals from their prison trusts accounts. That will be the case here.

Accordingly, for the reasons stated above, it is HEREBY ORDERED that:

1. Plaintiff's motion to consolidate Harris v. Pimentel, 1:13-cv-1390-GSA with the instant action (ECF No. 4) is GRANTED;

2. The California Department of Corrections and Rehabilitation shall DISREGARD the order granting IFP in Harris v. Pimentel, 1:13-cv-1390-GSA (ECF No. 4);

3. The Court finds that Plaintiff's request for IFP status in Harris v. Pimentel, 1:13-cv-1390-GSA is sufficient to establish his IFP status in this case and orders that he be GRANTED IFP status;

4. The Director of the California Department of Corrections or his designee shall collect payments from Plaintiff's prison trust account in an amount equal to twenty percent (20%) of the preceding month's income credited to the prisoner's trust account and shall forward those payments to the Clerk of the Court each time the amount in the account exceeds $10.00, in accordance with 28 U.S.C. § 1915(b)(2), until a total of $350.00 has been collected and forwarded to the Clerk of the Court, the payments shall be clearly identified by the name and case number assigned to this action;

5. The Clerk of Court is to file a copy of this order in both the above-captioned docket and the docket in Harris v. Pimentel, 1:13-cv-1390-GSA, and shall serve a copy along with a copy of Plaintiff's in forma pauperis application on the Director of the California Department of Corrections, via the Court's electronic case filing system (CM/ECF), and on the Financial Department, U.S. District Court, Eastern District of California, Fresno Division; and

/////
/////
/////
/////
/////

6. The Clerk shall ADMINISTRATIVELY CLOSE Harris v. Pimentel, 1:13-cv-1390-GSA, all future filings shall be in action number 1:13-cv-01354-MJS.

IT IS SO ORDERED.

Dated:    September 27, 2013            /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE

4