**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL HARRIS,<br><br>    Plaintiff,<br><br>    v.<br><br>R. PIMENTEL, et al.,<br><br>    Defendants. | **Case No. 1:13-cv-01354-MJS (PC)**<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF No. 1)**<br><br>**AMENDED PLEADING DUE IN THIRTY DAYS** |

    Plaintiff is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. Before the Court for screening is Plaintiff's complaint filed August 26, 2013. For the reasons set forth below, the Court finds the complaint fails to state a cognizable claim and ORDERS it DISMISSED, albeit with leave to amend.

**I.    SCREENING REQUIREMENT**

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or

any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.   PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 667-68.

## III.   PLAINTIFF'S ALLEGATIONS

Plaintiff is incarcerated at Corcoran State Prison ("CSP") where this action arose. Plaintiff complains that Defendant correctional officer Escamilla, pursuant to California Department of Corrections and Rehabilitation ("CDCR") policy and practice,

discriminated against Plaintiff's Muslim faith by desecrating Plaintiff's holy Quran, violating the First and Fourteenth Amendments and triggering California's "hate crime" statute.

Plaintiff alleges that:

On January 14, 2013, during a cell search, Escamilla stepped on Plaintiff's Quran and slid it under the bunk. The Quran is a holy instrument of study that is sacred within the Muslim faith.

Plaintiff filed a grievance. Defendants' appeal examiner Pimentel and chief officer of appeals Lozano denied the grievance, thereby condoning, aiding and abetting Escamilla's federal and state law violations.

Plaintiff seeks monetary damages, declaratory relief and an injunction against retaliation.

## IV. THE COMPLAINT MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM

### A. No CDCR Policy or Practice

Plaintiff alleges Escamilla acted in furtherance of CDCR policy and practice, but he provides no factual allegations in support of that conclusion.

An official capacity claim against a state official for injunctive relief requires that a policy or practice of the governmental entity be the moving force behind the violation. Hafer v. Melo, 502 U.S. 21, 25 (1991). However, Plaintiff does not allege his rights were violated as a result of a decision by CDCR and its policymaking officials or a persistent and widespread CDCR practice. Connick v. Thompson, 131 S.Ct. 1350, 1359 (2011). Nor does he allege facts suggesting Defendant Escamilla, a correctional officer, holds any CDCR decision-making authority and can implement policy for the CDCR. See City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988). CDCR acquiescence in a single instance of alleged unconstitutional conduct is not sufficient to demonstrate ratification of a subordinate's acts. See Gillette v. Delmore, 979 F.2d 1342, 1348 (9th Cir. 1992).

Plaintiff cannot seek injunctive relief against Defendants in their official capacities. If Plaintiff choses to amend, he must allege facts suggesting CDCR policy or

practice was the moving force behind the alleged violations.

### B. No Free Exercise Claim

Plaintiff complains his exercise of his Muslim faith is impaired because his Quran, a sacred instrument of study, touched both Defendant Escamilla's foot and the ground during a search of Plaintiff's cell.

"Inmates . . . retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." Hartmann v. California Dep't of Corrections, 707 F.3d 1114, 1122 (9th Cir. 2013), citing O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987). The protections of the Free Exercise Clause are triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith. Shakur v. Schriro, 514 F.3d 878, 884–85 (9th Cir. 2008); Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir.1997), overruled in part by Shakur, 514 F.3d at 884–85.

Plaintiff says little, too little, about the nature of the complained-of acts and how they burdened the practice of his religion. While the alleged treatment of the Koran appears on its face to have been patently offensive, Plaintiff does not explain the circumstances of the event or indicate whether the actions were intentional or inadvertent and whether they occurred in the course of a legitimate, properly motivated and properly conducted cell search. Importantly, Plaintiff does not explain the nature, significance and extent of any resulting burden on the exercise of his religion or address the extent, if any, to which he retained alternative means of exercising that religion. "To prevail on [a] Free Exercise claim, [plaintiff] must allege facts plausibly showing that the government denied [him] a reasonable opportunity of pursuing [his] faith comparable to the opportunity afforded fellow prisoners . . . ." Cruz v. Beto, 405 U.S 319, 322 (1972). If he chooses to amend, Plaintiff must show, consistent with the above standard, how the actions of named Defendants substantially burdened the practice of sincerely held religious beliefs.

4

**C.     No Due Process Claim[1]**

      1.     Equal Protection

Plaintiff claims Defendants discriminated against his Muslim faith and against him because he is a Muslim.

The Equal Protection Clause of the Fourteenth Amendment protects prisoners from intentional discrimination on the basis of their religion, Freeman, 125 F.3d at 737, citing Cruz, 405 U.S. at 321–22, abrogated on other grounds by Shakur, 514 F.3d at 884–85), and entitles each prisoner to a reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners. Shakur, 514 F.3d at 891. Prison officials can not discriminate against particular religions. See Cruz, 405 U.S. at 321–22; see also Rupe v. Cate, 688 F.Supp.2d 1035, 1049 (E.D. Cal. 2010).

The facts alleged suggest at most a sacrilegious and offensive action by a prison guard, but no intent or purpose to discriminate against him because of his Muslim faith. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005). Plaintiff must present evidence of discriminatory intent. See Washington v. Davis, 426 U.S. 229, 239–40 (1976); Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003); Freeman, 125 F.3d at 737.

Plaintiff has not stated a claim that, as a Muslim inmate, he was denied equal protection of the law. If he chooses to amend, Plaintiff must show that Defendants intentionally discriminated against him because of his Muslim faith or treated him differently from similarly situated prisoners for no legitimate purpose. He should describe the basis for his belief they so acted; mere suspicion, conjecture or surmise is not enough.

      2.     Grievance Process

---

[1] The discussion of Plaintiff's federal constitutional claim resolves both his federal and state constitutional claims. Los Angeles County Bar Assoc. v. Eu, 979 F.2d 697, 705 (9th Cir. 1992), citing Payne v. Superior Court, 17 Cal.3d 908, 914 (Cal. 1976) (the California Constitution provides the same basic guarantee as the Fourteenth Amendment of the United States Constitution).

Plaintiff alleges Defendants Pimentel and Lozano denied his 602 appeal of Escamilla's actions and thereby violated his due process rights.

Plaintiff may not assert a constitutional violation based on such a claim. Prison staff actions in responding to Plaintiff's prison appeal and grievance alone can not give rise to any claim for relief under § 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993), citing Azeez v. DeRobertis, 568 F.Supp. 8, 10 (D.C. Ill. 1982). A prisoner does not have a claim of entitlement to a grievance procedure. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Ramirez v. Galarza, 334 F.3d 850, 860 (9th Cir. 2003).

Leave to amend this claim is denied for the reasons stated.

### D.  No Injunctive Relief

Plaintiff seeks an order enjoining Defendants from retaliating against him. Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 22 (2008). To prevail, the party seeking injunctive relief must show either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the moving party's] favor." Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc., 762 F.2d 1374, 1376 (9th Cir. 1985), quoting Apple Computer, Inc. v. Formula International, Inc., 725 F.2d 521, 523 (9th Cir. 1984); see City of Los Angeles v. Lyons, 461 U.S. 95, 101–102 (1983) (plaintiff must show "real and immediate" threat of injury).

Plaintiff fails to state any cognizable federal claim, threat of retaliation, or hardship absent injunctive relief. Nothing before the Court suggests a need for and entitlement to injunctive relief. If Plaintiff chooses to amend, he must provide facts showing a meritorious federal claim, actual injury, and that he needs and is entitled to injunctive relief under the above standard.

### E.  No Supplemental State Law Jurisdiction

Plaintiff claims Defendants have violated California criminal laws relating to "hate crimes."[2] The Court need not address the viability of Plaintiff's state claims because the Court will not exercise supplemental jurisdiction over any state law claim absent a cognizable federal claim. 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001); see also Gini v. Las Vegas Metropolitan Police Dep't, 40 F.3d 1041, 1046 (9th Cir. 1994). "When . . . the court dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice." Les Shockley Racing v. National Hot Rod Ass'n, 884 F.2d 504, 509 (9th Cir. 1989).

## V.     CONCLUSION AND ORDER

Plaintiff's complaint does not state a claim for relief under § 1983. The Court will grant an opportunity to file an amended complaint consistent with this order. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948–49. Plaintiff must set forth "sufficient factual matter . . . to state a claim that is plausible on its face." Id. at 1949, quoting Twombly, 550 U.S. at 555. Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general

---

[2] Plaintiff cites to California Penal Code §§ 10, 147, 422.55, 422.6, 422.75, 422.8, and 661.

rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint", refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his complaint filed August 26, 2013;
2. Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted;
3. Plaintiff shall file an amended complaint within thirty (30) days from service of this order; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   September 30, 2013          /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE