UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL HARRIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>R. PIMENTEL, et al.,<br><br>　　　　Defendants. | Case No.  1:13-cv-01354-LJO-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO:**<br><br>**(1) DENY DEFENDANT'S MOTION TO STRIKE FIRST AMENDED COMPLAINT (ECF No. 16);**<br><br>**(2) GRANT IN PART AND DENY IN PART DEFENDANT'S MOTION TO DISMISS (ECF No. 16);**<br><br>**(3) GRANT DEFENDANT'S MOTION TO STRIKE SURREPLY (ECF No. 28) AND**<br><br>**(4) DENY PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE (ECF No. 20)**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

**I.    PROCEDURAL HISTORY**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. (ECF Nos. 7 & 9.) This matter proceeds against Defendant Escamilla on Plaintiff's First Amendment free exercise, Fourteenth Amendment equal protection, and RLUIPA claims for damages. (ECF No. 10.)

Defendant moved to strike Plaintiff's first amended complaint on the ground it consists of sham allegations, and also moved to dismiss on the ground that the first amended complaint failed to state a claim. (ECF No. 16.) Plaintiff filed an opposition and a request for judicial notice. (ECF No. 20.) Defendant filed a reply (ECF No. 24) and objections to the request for judicial notice and the evidence and arguments submitted with Plaintiff's opposition (ECF No. 25). Plaintiff then filed a surreply (ECF No. 26), and a reply to Defendant's objections (ECF No. 27).

Defendant moved to strike Plaintiff's surreply and objections. (ECF No. 28.) Plaintiff opposed the motion (ECF No. 30), and Defendant replied (ECF No. 31).

These matters are deemed submitted pursuant to Local Rule 230(*l*).

## II.   REQUEST FOR JUDICIAL NOTICE AND OBJECTIONS

Plaintiff asks the Court to take judicial notice of purported filings in unrelated state court proceedings. (ECF No. 20.) Defendant objects to the request, as well as to new allegations submitted by Plaintiff in opposition to the motion to strike and motion to dismiss. (ECF No. 25.) The Court has not considered the disputed evidence or allegations in these findings and recommendations. Accordingly, Plaintiff's request for judicial notice (ECF No. 20) should be denied as unnecessary. Defendant's objections will not be addressed.

## III.   MOTION TO STRIKE SURREPLY

Defendant moves to strike Plaintiff's surreply to the motion to strike and motion to dismiss. (ECF No. 28.)

Absent leave of court, no briefing on Defendant's motions is permitted beyond the opposition and reply. The Court did not grant Plaintiff leave to file a surreply and does not desire any further briefing on the motions. The surreply has not been considered in these findings and recommendations.

Accordingly, Defendant's motion to strike Plaintiff's surreply should be granted, and Plaintiff's surreply should be stricken from the record.

## IV. MOTION TO STRIKE FIRST AMENDED COMPLAINT

### A. No Authority to Strike Complaint

Defendant argues that the first amended complaint consists of "sham allegations" and therefore should be stricken. (ECF No. 16 at 2.)

Defendant's argument that the Court has the authority to strike false or sham pleadings is not good law. PAE Gov't Servs., Inc. v. MPRI, Inc., 514 F.3d 856, 859 (9th Cir. 2007) ("The district court has no free-standing authority to strike pleadings simply because it believes that a party has taken inconsistent positions in the litigation."). Indeed, this proposition has not been good law since 1983. See id. at 859 n.3. The primary case relied on by Defendant, Ellingsworth v. Burlington N., Inc., 653 F.2d 1327 (9th Cir. 1981), has been superseded by changes to the Federal Rules of Civil Procedure. See PAE Gov't Servs, Inc., 514 F.3d at 859 n.3. The other case relied on by Defendant, Bradley v. Chiron Corp., 136 F.3d 1317 (Fed. Cir. 1998), has been flatly rejected in this jurisdiction. PAE Gov't Servs, Inc., 514 F.3d at 859 n.4.

Defendant presents no lawful basis to strike Plaintiff's complaint, and accordingly, the motion to strike should be denied.

### B. No Basis to Strike Specific Allegations

Although not artfully pled, Defendant's motion may be read to request that only specific allegations in the complaint be stricken.

#### 1. Legal Standard

At the screening stage and on a motion to dismiss, the Court must accept the factual allegations of the complaint as true and draw all reasonable inferences in favor of the non-moving party. Daniels-Hall v. Natl. Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010). Additionally, pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). At the same time, however, the Court is not required to accept as

true allegations that are contradicted by documents attached to the complaint. Roth v. Garcia Marquez, 942 F.2d 617, 625 n.1 (9th Cir. 1991.)

### 2. Plaintiff's Allegations

Plaintiff's first amended complaint alleges that Defendant searched Plaintiff's cell when Plaintiff was not present. When Plaintiff returned to his cell, he found his Quran had been kicked under his bed and defiled by a boot mark. Plaintiff's cell mate told him that Defendant was responsible, did not leave a cell search slip, and called Plaintiff a "Black Muslim" and "terrorist" during the search. (ECF No. 9.)

### 3. Analysis

Defendant argues that the allegations that Defendant stepped on Plaintiff's Quran and called Plaintiff derogatory names are contradicted by documents attached to the complaint, specifically, 602 administrative complaints that do not mention these allegations. This is an omission, not a contradiction. It may be offered on the issue of credibility at an appropriate time. At present, however, it shows, at most, a possibility that Plaintiff failed to properly exhaust these complaints, an argument Defendant has not raised in this motion.

Defendant also argues that the allegation that Defendant called Plaintiff names should be disregarded because it was not included in Plaintiff's original complaint. However, if the Court were required to consider only those factual allegations stated in the original complaint, leave to amend would serve no useful purpose. The Court views this change as an addition of factual material relevant to Plaintiff's previously stated claims, not as a contradiction.

Defendant also argues this allegation should be disregarded because the derogatory names were heard by Plaintiff's cell mate, rather than Plaintiff himself. To the extent this argument attacks the credibility of the claim, the Court is required to accept the allegations of the complaint as true at this stage of the proceedings. In any event the statement attributed to Defendant could have the actionable adverse effect alleged here even if received by Plaintiff second hand.

4

1 Finally, Defendant argues that the allegation that Plaintiff was not provided a cell search slip is contradicted by the attachment of a cell search slip to the complaint. However, as Defendant concedes (ECF No.16-1 at 9 n.3), Plaintiff's complaint and the attached exhibits indicate that Plaintiff complained that Defendant did not immediately provide a cell search slip, and instead provided the slip 24 hours later. Defendant cannot pick and choose portions of the allegations and attached exhibits in order to create a contradiction. The Court finds no contradiction that would warrant disregarding this allegation.

Based on the foregoing, the Court finds that Defendant has not provided a basis for striking the complaint or any of its allegations. Defendant's motion to strike should be denied.

## V. MOTION TO DISMISS

### A. Legal Standard

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. Daniels-Hall, 629 F.3d at 998.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the factual allegations as true and draw all reasonable inferences in favor of the non-moving party. Daniels-Hall, 629 F.3d at 998. Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm, 680 F.3d at 1121.

**B.     Official Capacity Claims**

Plaintiff's complaint names Defendant in his official and individual capacities. (ECF No. 9 at 1.) The Court's screening order did not address whether Plaintiff could proceed against Defendant in his official capacity. (ECF No. 10.) Defendant argues that claims against him in his official capacity are barred by the Eleventh Amendment and must be dismissed. (ECF No. 16 at 5.) Plaintiff concedes that his official capacity claims are barred. (ECF No. 20 at 28.)

Plaintiff may not seek money damages against Defendant in his official capacity. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); see also Aholelei v. Dep't of Pub. Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). And, although he may seek prospective relief, Will, 491 U.S. at n.10; see also Wolfson v. Brammer, 616 F.3d 1045, 1065-66 (9th Cir. 2010), his claim for injunctive relief was dismissed as moot. (ECF No. 10.)

Accordingly, Plaintiff's claims against Defendant in his official capacity should be dismissed.

**C.     RLUIPA**

Defendant moves to dismiss Plaintiff's RLUIPA claim based on the Ninth Circuit's recent decision in Wood v. Yordy, 753 F.3d 899, 902-04 (9th Cir. 2014). (ECF No. 16 at 5-6.) Plaintiff argues that Wood is distinguishable because it involved a motion for summary judgment, rather than a motion to dismiss. (ECF No. 20 at 15.)

The Court's screening order allowed Plaintiff to pursue damages against Defendant in his individual capacity under RLUIPA, noting that the question of whether money damages are available against state actors in their individual capacities under RLUIPA was an open question in the Ninth Circuit. (ECF No. 10 at 5.) Since that time, the Ninth Circuit has concluded that RLUIPA does not permit suits against government employees in their individual capacities. Wood, 753 F.3d at 902-04. Neither does it permit suits for money damages against government employees in their official capacities. Sossamon v. Texas, 131 S. Ct. 1651, 1660 (2011). Accordingly, only official

6

1 capacity suits seeking prospective relief are permitted. As noted above, Plaintiff's suit
2 seeks only money damages. Plaintiff's argument that <u>Wood</u> is distinguishable is
3 misplaced. His allegations fail to state a RLUIPA claim and this claim should be
4 dismissed.

### D. Free Exercise Claim

#### 1. Legal Standard – Free Exercise

"Inmates clearly retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." <u>O'Lone v. Estate of Shabazz</u>, 482 U.S. 342, 348 (1987) (citations omitted). The protections of the Free Exercise Clause are triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith. <u>Shakur v. Schriro</u>, 514 F.3d 878, 884-85 (9th Cir. 2008). Prisoners are not required to "objectively show that a central tenet of [their] faith is burdened" in order to raise a viable free exercise claim. <u>Id.</u> at 884.

#### 2. Parties' Arguments

Defendant argues that Plaintiff's allegations are insufficient to state a Free Exercise claim because Plaintiff did not allege a substantial enough burden on his ability to exercise his sincerely held religious beliefs. (ECF No. 16-1 at 7.) According to Defendant, "[m]oving, touching, or putting religious items of inmates on the floor during a cell search simply does not constitute a violation of the Free Exercise clause." (<u>Id.</u>) Additionally, Defendant argues that the duration of Defendant's alleged conduct was too short to constitute a violation. (ECF No. 16-1 at 8.)

Plaintiff argues that the desecration of his Quran, which led to his being unable to practice his religion until it was replaced, constituted a substantial burden.

#### 2. Prior Screening Order

The Court's prior screening order (ECF No. 10) concluded that the allegations that Defendant searched Plaintiff's cell, removed his Quran from its cover, examined it, threw it on the floor, and stepped on it rendering it unusable for worship were sufficient

7

at the screening stage to show Defendant substantially burdened Plaintiff's religious practice.

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555); Moss, 572 F.3d at 969. This is the same standard the Court applies in screening a prisoner's complaint to determine whether it states a cognizable claim. Indeed, it is the very standard the Court applied in evaluating Plaintiff's complaint, and which lead to the Court's conclusion that the complaint stated cognizable claims. That is, the Court found that Plaintiff alleged claims which, when accepted as true for pleading purposes, would survive a Rule 12(b)(6) motion.

Nothing has since changed.

Nevertheless, Defendant argues that the very pleading which this Court found stated a cognizable claim does not state a cognizable claim and should be dismissed pursuant to Rule 12(b)(6). The Court would prefer not to duplicate its efforts and explain again why it reached the conclusions it did on screening, but the present motion to dismiss effectively asks it to do so. Accordingly, the Court will herein address the substantive issues presented by Defendant's motion.

### 3. Analysis

Defendant seemingly argues that placing religious items on the floor cannot, as a matter of law, constitute a substantial burden on the free exercise of religion. (ECF No. 16-1 at 6-8.) In support, Defendant cites two unpublished District Court cases, neither of which is on point. In the first of these, Robinson v. Roper, No. CV 06-3817-TJH (PJW), 2010 WL 1407851, at *3 (E.D. Cal. Feb. 17, 2010), the plaintiff argued that the desecration of his religious materials by placing them on the floor substantially burdened his ability to practice his religion. The Court held that plaintiff failed to meet his evidentiary burden on a motion for summary judgment because he failed to present admissible evidence that his religious practice was substantially burdened. Id. Nothing

8

in <u>Robinson</u> stands for the proposition that placing religious items on the floor fails to state a Free Exercise claim as a matter of law.

In the second case cited by Defendant, <u>Hensley v. Kampshaefer</u>, No. 3:07CV-616-H, 2009 WL 69074, *1 (W.D. Ky. 2009), the plaintiff also claimed that his religious items were desecrated by tossing them on the floor. As in <u>Robinson</u>, the Court concluded that the plaintiff failed to meet his evidentiary burden on a motion for summary judgment because he "fail[ed] to offer proof that any of the items or property . . . were essential to the practice of his religion" and "fail[ed] to offer proof that Defendant's alleged conduct prevented him from practicing his religion." <u>Id.</u> at *3. The Court did not hold that the allegations failed to state a claim.

Defendant also argues that any burden of Plaintiff's Free Exercise was too short to constitute a First Amendment violation because his Quran was replaced. In support, he cites <u>Canell v. Lightner</u>, 143 F.3d 1210, 1215 (9th Cir. 1998), another case decided at the summary judgment stage. There, the defendant's preaching and espousal of religious views interrupted the plaintiff's ability to pray on several occasions over a three month period. <u>Id.</u> at 1211. The Court concluded that the intrusions were "relatively short-term and sporadic," and therefore did not constitute a substantial interference. <u>Id.</u> at 1215. In contrast, here, Plaintiff alleges his ability to practice his faith was burdened over a continuous period until the Quran was replaced. The complaint does not specify the length of the deprivation, although Plaintiff's opposition states that it was for one week. Regardless, Plaintiff's allegations differ from the intermittent intrusions alleged in <u>Canell</u>.

Plaintiff may well be unable to prove that the desecration of his Quran substantially burdened the exercise of his religious beliefs. However, that is not his burden at this stage of the proceedings. He must only allege facts that, when accepted as true, state a claim for relief. He has done so. Defendant's motion to dismiss Plaintiff's Free Exercise claim should be denied.

### E. Equal Protection Claim

#### 1. Legal Standard

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne, Tex. v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); see also Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Race constitutes a protected class. Graham v. Richardson, 403 U.S. 365, 371 (1971). To allege a religious discrimination claim, a plaintiff must allege facts sufficient to support the claim that prison officials intentionally discriminated against him on the basis of his religion by failing to provide him a reasonable opportunity to pursue his faith compared to other similarly situated religious groups. Cruz v. Beto, 405 U.S. 319, 321-22 (1972) (per curiam).

#### 2. Parties Arguments

Defendant argues that Plaintiff fails to state an equal protection claim because he did not allege facts to demonstrate he was treated differently than other similarly situated inmates based on an impermissible motivation. (ECF No. 16-1 at 8-10.) Defendant asserts that exhibits attached to the first amended complaint show a legitimate penological interest for the search of Plaintiff's cell. He further argues that derogatory remarks regarding race or religion, standing alone, do not constitute an equal protection claim and, in any event, Plaintiff did not hear the alleged remarks. Additionally, intentional destruction of Plaintiff's Quran would not constitute a Fourteenth Amendment due process violation.

Plaintiff maintains that he has stated a claim for the reasons articulated in the Court's screening order. (ECF No. 20 at 40-41.)

### 3. Prior Screening Order

The Court's prior screening order found that Plaintiff stated a cognizable Equal Protection claim based on the allegations that Defendant had used the words "Black Muslim" and "terrorist" during the cell search and did not immediately provide a cell search slip. (ECF No. 10.) The Court noted that the lack of a cell search slip suggested the search was not routine, and the use of pejorative language suggested improper motivation. The Court concluded that these allegations were sufficient to claim that the search and desecration of Plaintiff's Quran were conducted with the intent to discriminate based on Plaintiff's protected status as a Black Muslim.

As above, nothing has changed with regard to this issue either.

Thus, again, the Court would far prefer to spend its time productively addressing the multitude of cases before it, and not have to duplicate its prior analysis, but will here once again address the substantive issues presented by Defendant's motion to ensure this single order addresses all issues raised.

### 4. Analysis

Defendant claims that Plaintiff failed to allege facts to show an impermissible, discriminatory motive. However, as the Court previously concluded, the use of pejorative language during the search is sufficient to suggest improper motive. While use of the offending words does not itself state an Equal Protection claim, Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997) (citation omitted), the abusive language nevertheless suggests that the accompanying conduct may have been motivated by discriminatory intent. Because the remarks speak to Defendant's intent, that Plaintiff did not hear them is irrelevant.

Defendant next argues that documents attached to the complaint establish that there was a legitimate penological interest for searching Plaintiff's cell. However, to the extent Plaintiff's claims are based on racial discrimination, any legitimate penological

11

interests are irrelevant to his claim. See Johnson v. California, 543 U.S. 499, 510 (2005). The deferential standard of review that allows the Court to consider whether the actions of prison officials are reasonably related to legitimate penological interests does not apply to classifications based on race; such classifications remain subject to strict scrutiny. Id. Plaintiff's claim that he was subject to discrimination on the basis of his being a Black Muslim cannot be justified by legitimate penological interests.

Nevertheless, discrimination based on religion is permissible to the extent it is "reasonably related to legitimate penological interests." Shakur, 514 F.3d 891 (citing Turner v. Safley, 482 U.S. 78 (1987)). Defendant argues that there were legitimate penological reasons for searching Plaintiff's cell, and points out that the cell search slip notes items of contraband found in Plaintiff's cell. Plaintiff argues, however, that he possessed no contraband. Whether Plaintiff possessed contraband, and thus whether there were legitimate penological reasons for searching his cell, is a factual dispute that cannot be resolved at this stage of the proceedings.

Finally, the Court is unable to discern the import of Defendant's argument that the deprivation of Plaintiff's Quran does not constitute a Fourteenth Amendment violation because he had a post-deprivation remedy. This consideration is applicable to the analysis of alleged Due Process violations. However, if Plaintiff intentionally was treated differently than other similarly situated inmates based on his race and/or religion, it is of no moment that he had a post-deprivation remedy for any Due Process violation associated with the desecration of his Quran.

Plaintiff' allegations state a cognizable Equal Protection claim. Defendant's motion to dismiss this claim should be denied.

## VI. CONCLUSION AND RECOMMENDATION

Defendant has provided no legal basis to strike Plaintiff's first amended complaint. Accordingly, it is recommended that the motion to strike (ECF No. 16) be denied.

It is recommended that Defendant's motion to dismiss Plaintiff's official capacity and RLUIPA claims be granted because Plaintiff's allegations fail to state a claim. (ECF No. 16.) However, in all other respects, the motion to dismiss should be denied.

Finally, it is recommended that Plaintiff's request for judicial notice (ECF No. 20) be denied as unnecessary, that Defendant's motion to strike Plaintiff's surreply (ECF No. 28) be granted, and that Plaintiff's surreply (ECF No. 47) be stricken from the record.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   February 9, 2015            /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE

13