UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL HARRIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br><br>R. PIMENTEL, et al.,<br><br>　　　　　Defendants. | Case No. 1:13-CV-01354-LJO-MJS (PC)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>**(ECF No. 42)** |

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 28 U.S.C. § 1983. The action proceeds on Plaintiff's Free Exercise, RLUIPA, and Equal Protection claims against Defendant Escamilla, who has appeared in the action. (ECF Nos. 10 & 14.)

On May 28, 2015, the Court denied Plaintiff's motion to consolidate the instant action with a state court case. (ECF No. 41.) Plaintiff's motion for reconsideration of that ruling, filed June 17, 2015, is now before the Court. (ECF No. 42.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances" exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009). "A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised in earlier litigation." Id. Moreover, "recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." U.S. v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (9th Cir. 2001) (quoting Bermingham v. Sony Corp. of Am., Inc., 820 F. Supp. 834, 856-57 (D.N.J. 1992)). Similarly, Local Rule 230(j) requires that a party seeking reconsideration show that "new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion . . . ."

## III. ANALYSIS

Plaintiff presents no new evidence or facts to the Court here. Instead, he argues that the Court committed an error of law. The authority he cites is inapposite. Cienaga Gardens v. United States permitted the consolidation of two cases that were *both* pending before the Court of Federal Claims, not a state case with a federal one. 62 Fed.

2

Cl. 28, 29 (Fed. Cl. 2004).  , Mitchum v. Foster did not involve consolidation at all, but the authority of a federal court to enjoin state proceedings during the pendency of a federal § 1983 action. 407 U.S. 225, 242 (1972). Finally, the possibility that Defendants may try to introduce evidence that Plaintiff has filed other lawsuits is not a reason for consolidating the present action with the other suits.  If Plaintiff believes particular evidence is unduly prejudicial to him, he may object to its introduction.  See Fed. R. Evid. 403.

Under Rule 42, a court may only consolidate actions that are pending before it. Fed. R. Civ. P. 42(a).

Based on the foregoing, Plaintiff's motion for reconsideration is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   June 18, 2015                         /s/ *Michael J. Seng*
                                               UNITED STATES MAGISTRATE JUDGE