1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL HARRIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>S. ESCAMILLA, et al.,<br><br>　　　　Defendants. | **Case No.  1:13-cv-01354-LJO-MJS (PC)**<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME (ECF NO. 53); AND**<br><br>**DENYING PLAINTIFF'S  MOTION TO COMPEL (ECF NO. 51)**<br><br>**FOURTEEN (14) DAY DEADLINE TO FILE AMENDED MOTION** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 28 U.S.C. § 1983. The case proceeds against Defendant Escamilla on Plaintiff's First and Fourteenth Amendment rights during a cell search on January 14, 2013. (ECF Nos. 9-10, 33 & 26.) Before the Court is Plaintiff's "motion to compel Defendant to answer completely, produce documents, and allow extra interrogatories," which Defendant opposes. (ECF Nos. 51-52.) Also before the Court is Plaintiff's motion for 30-day extension of time to respond to Defendant's opposition. (ECF No. 53.)

I.　　**BACKGROUND**

In May or June 2015, Plaintiff propounded his first set of discovery on Defendant

("Set One"), which included 34 Requests for Admissions ("RFA") and 12 interrogatories. See Pl.'s Mot. Compel ("MTC"), ECF No. 51 at 23-42. On June 22, 2015, Defendant submitted his responses to Plaintiff's discovery requests. Id. at 44-70. As to the RFAs, Defendant objected to many because they were phrased as questions and, thus, essentially constituted additional interrogatories.

On July 22, 2015, Plaintiff propounded a second set of RFAs and interrogatories ("Set Two"), titled "Amended Requests for Admissions - Set One and Objections" and "Amended Interrogatories and Objections to Set One Responces [sic] by Defendants." Pl.'s MTC, ECF No. 51 at 72-93. Set Two addressed some of Defendant's objections to Set One.

On August 25, 2015, defense counsel responded via letter to Plaintiff comments in Set Two regarding Defendant's Set One objections. Pl.'s MTC, ECF No. 51 at 91-92.

Apparently dissatisfied with Defendant's responses to Set One and Set Two, Plaintiff now moves to compel Defendant to "answer interrogatories completely, to produce requested documents, and to allow rephrased interrogatories, admissions." Plaintiff also asks the Court to increase the number of interrogatories that he may serve.

## II.   DISCUSSION

Plaintiff's motion will be denied for several reasons. First, while Plaintiff makes general arguments in response to Defendant's objections (presumably to both sets of Plaintiff's discovery requests), Plaintiff does not identify which of Defendant's responses he deems inadequate.

> The court does not hold litigants proceeding pro se to the same standards that it holds lawyers. However, as the moving party, Plaintiff bears the burden of informing the court which discovery requests are the subject of his motion to compel, which of Defendants' responses are disputed, why he believes Defendants' responses are deficient, why Defendants' objections are not justified, and why the information he seeks through discovery is relevant to the prosecution of this action. See, e.g., Brooks v. Alameida, No. CIV S–03–2343 JAM EFB P, 2009 U.S. Dist. LEXIS 9568,

2009 WL 331358, at *2 (E.D. Cal. Feb.10, 2009) ("Without knowing which responses plaintiff seeks to compel or on what grounds, the court cannot grant plaintiff's motion."); Ellis v. Cambra, No. CIV 02–05646–AWI–SMS PC, 2008 U.S. Dist. LEXIS 109050, 2008 WL 860523, at *4 (E.D.Cal. Mar.27, 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why Defendant's objections are not justified.").

Haynes v. Sisto, 2010 WL 4483486, at *2-3 (E.D. Cal. Nov. 1, 2010); see also Williams v. Flint, 2007 WL 2274520, at *1 (E.D. Cal. Aug. 3, 2007) ("It is plaintiff's burden to describe why a particular response is inadequate. It is not enough to generally argue that all responses are incomplete."). Plaintiff fails to identify specifically which of Defendant's responses to Set One or Set Two are inadequate and why. Attaching all of the discovery requests is insufficient and not acceptable.

Additionally, Plaintiff moves to compel Defendant to produce statements and reports of witnesses. There is no indication, however, that Plaintiff served a Request for Production of Documents pursuant to Federal Rule of Civil Procedure 34. Accordingly, this request will be denied.

Lastly, Plaintiff seeks leave to serve additional interrogatories. Rule 33 of the Federal Rules of Civil Procedure limits interrogatories to twenty-five per party, including discrete subparts, but the Court may grant leave to serve additional interrogatories to the extent consistent with Rule 26(b)(2). The limitation is not intended "to prevent needed discovery, but to provide judicial scrutiny before parties make potentially excessive use of this discovery device," and "[i]n many cases, it will be appropriate for the court to permit a larger number of interrogatories...." Advisory Committee Notes to the 1993 Amendments of Fed. R. Civ. P. 33. Plaintiff does not indicate how many additional interrogatories he seeks to serve or why. Without this information, the Court is unable to determine whether leave to serve additional interrogatories should be granted.

Plaintiff's motion will therefore be denied. Pursuant to the Court's April 1, 2015,

3

Discovery and Scheduling Order, the discovery deadline in this case is December 1, 2015. The Court will, however, allow Plaintiff to file an amended motion if, and only if, he does so within fourteen (14) days from the date of this Order. Plaintiff is advised to focus his efforts on correcting the deficiencies identified above.

**III.     CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for extension of time (ECF No. 53) is GRANTED. Plaintiff's reply is deemed timely filed;

2.  Plaintiff's motion to compel (ECF No. 51) is DENIED without prejudice to its renewal; and

3.  The discovery deadline is extended for the limited purpose of allowing Plaintiff to file an amended motion to compel within fourteen (14) days from the date of this Order. No extensions of time will be granted absent good cause.

IT IS SO ORDERED.

Dated:   December 1, 2015          /s/ *Michael J. Seng*

                                              UNITED STATES MAGISTRATE JUDGE