1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

10
11
12
13
14
15

DARRELL HARRIS,

          Plaintiff,

     v.

S. ESCAMILLA, et al.,

          Defendants.

Case No.  1:13-cv-01354-LJO-MJS (PC)

**FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

**(ECF NO. 44)**

**FOURTEEN (14) DAY OBJECTION DEADLINE**

16

## I.    INTRODUCTION AND PROCEDURAL HISTORY

17
18
19
20

     Plaintiff is a state prisoner proceeding pro se in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter proceeds against Defendant S. Escamilla on Plaintiff's First Amendment Free Exercise and Fourteenth Amendment Equal Protection claims for damages.

21
22
23
24

     On July 1, 2015, Defendant filed a motion for partial summary judgment alleging Plaintiff's Equal Protection claim was unexhausted. (ECF No. 44.) Plaintiff filed an opposition. (ECF No. 47.) Defendant filed a reply. (ECF No. 50.) This matter is now fully briefed and ready for disposition.

25

## II.    LEGAL STANDARDS

26
27
28

     Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such

administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This statutory exhaustion requirement applies to all inmate suits about prison life, <u>Porter v. Nussle</u>, 534 U.S. 516, 532 (2002) (quotation marks omitted), regardless of the relief sought by the prisoner or the relief offered by the process, <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001), and unexhausted claims may not be brought to court, <u>Jones v. Bock</u>, 549 U.S. 199, 211 (2007) (citing <u>Porter</u>, 534 U.S. at 524).

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion. <u>Jones</u>, 549 U.S. at 216; <u>Albino</u>, 747 F.3d at 1166. "In the rare event that a failure to exhaust is clear from the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." <u>Albino</u>, 747 F.3d at 1166. Otherwise, the defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust. <u>Id.</u>

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); <u>Albino</u>, 747 F.3d at 1166; <u>Washington Mut. Inc. v. U.S.</u>, 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, although it is not required to do so. Fed. R. Civ. P. 56(c)(3); <u>Carmen v. San Francisco Unified Sch. Dist.</u>, 237 F.3d 1026, 1031 (9th Cir. 2001); <u>accord</u> <u>Simmons v. Navajo Cnty., Ariz.</u>, 609 F.3d 1011, 1017 (9th Cir. 2010).

The defendants bear the burden of proof in moving for summary judgment for failure to exhaust, Albino, 747 F.3d at 1166, and they must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," id. at 1172.  If the defendants carry their burden, the burden of production shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. This requires the plaintiff to "show more than the mere existence of a scintilla of evidence." In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)). "If the undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Albino, 747 F.3d at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id.

## III.   FACTS

### 1.   First Amended Complaint

At all times relevant to this action, Plaintiff was in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and housed at California State Prison ("CSP-Corcoran") in Corcoran, California. Def.'s Rqst for Admis. to Pl., Set One, No. 1. Plaintiff proceeds on a first amended complaint. Plaintiff alleges that Defendant Escamilla searched Plaintiff's cell on January 14, 2013, when Plaintiff was not present. When Plaintiff returned to his cell, he found his Quran had been kicked under his bed and defiled by a boot mark. Plaintiff's cell mate told him that Defendant was responsible, did not leave a cell search slip, and called Plaintiff a "rag-head Black Muslim and a terrorist" during the search. (ECF No. 9.)

1    2.    **Plaintiff's Grievances**

2    Between the date of the January 14, 2013, incident and the filing of this action on

3  August 26, 2013, Plaintiff submitted three non-healthcare related inmate grievances at

4  CSP-Corcoran. Pacillas Decl. ¶ 15.

5         **a.    COR-13-01066**

6    On January 23, 2013, Plaintiff filed an inmate appeal and staff complaint, which

7  was assigned Appeal No. COR-13-01066, concerning the January 14, 2013, search of

8  his cell. Voong Decl. Ex. B. His description of the events is reproduced here:

9           On or about Jan 14th 2013 at 10:30 am Officer Escamilla
10          conducted a cell search at 3C03-138L. During this search
            Officer Escamilla violated inmate Harris's 1st, 14th + 15th
11          constitutional rights. By degrading the Muslim Holy book the
            Quran, by throwing it on the floor under the bed, this also
12          violated Title 1 Section 2004 subsection (A)(R) and (C)
            which states all inmates will be treated with respect. Officer
13          Further violated Mr. Harris [sic] rights to equal protection
            under the law by throwing all his legal work + papers on the
14          floor exposing them to other inmates, indangering [sic] his
15          safety. This was done in such a manner as to constitute
            malice and not a search for contraband, which violated Title
16          15 sect. 2084.1 subsection D no reprisals for other 602's on
            previous officers as me and Mr. Escamilla have never meet
17          [sic]. Further Mr. Escamilla violated title 15 Section 3288
            subsect. 4 by not leaving a cell search recite until 24 [hours]
18          later on my request + demand. Their [sic] are other items not
19          present that do not appear on Mr. Escamilla's cell search
            slip. But I am unsure if their [sic] is a mistake in listing or a
20          result of theft. [sic]

21  Plaintiff sought both the return of certain personal property and additional training for

22  Defendant. This appeal was partially granted at the second level of review because

23  Plaintiff withdrew his request for the return of his property and because, after an appeal

24  inquiry was conducted, it was determined that Defendant did not violate CDCR policy.

25  Plaintiff's appeal was then denied at the third level of review. Voong Decl. ¶ 5.

26         **b.    CSPC-4-13-00717**

27    Plaintiff filed a second appeal on January 23, 2013, assigned Appeal No. CSPC-

28  4-13-00717. See Pacillas Decl. ¶ 16, Ex. D. This appeal concerned, at least in part, the

return of Plaintiff's personal property[1] and was screened out on February 5, 2013, for failure to attach necessary forms establishing ownership of property allegedly taken. There is no record that Plaintiff resubmitted the appeal.

### c.   COR-13-04311

On June 30, 2013, Plaintiff filed a staff complaint and inmate appeal concerning Defendant, assigned Appeal No. COR-13-04311. Pacillas Decl. Ex. C. In this appeal, Plaintiff accused Defendant of improperly confiscating inmates' personal property and failing to comply with related CDCR regulations. Plaintiff sought the return of an adaptor taken by Defendant. This appeal was denied at the first and second levels of review.

## IV.   DISCUSSION

### 1.   Description of CDCR's Administrative Remedy Process

CDCR has an administrative remedy process for inmate grievances. Cal. Code Regs. tit. 15, § 3084.1 (2014). Compliance with section 1997e(a) is mandatory and state prisoners are required to exhaust CDCR's administrative remedy process prior to filing suit in federal court. Woodford v. Ngo, 548 U.S. 81, 85-86 (2006); Sapp v. Kimbrell, 623 F.3d 813, 818 (9th Cir. 2010). The administrative remedy process is initiated by submitting a CDCR Form 602 "Inmate/Parolee Appeal" within thirty calendar days (1) of the event or decision being appealed, (2) upon first having knowledge of the action or decision being appealed, or (3) upon receiving an unsatisfactory departmental response to an appeal filed. Tit. 15, §§ 3084.2(a), 3084.8(b)(1) (quotation marks omitted). The appeal must "describe the specific issue under appeal and the relief requested," and the inmate "shall list all staff member(s) involved and shall describe their involvement in the issue." § 3084.2(a). Furthermore, the inmate "shall state all facts known and available to him/her regarding the issue being appealed at the time of submitting the Inmate/Parolee Appeal Form, and if needed, the Inmate Parolee/Appeal Form Attachment." § 3084.2(a)(4).

---

[1] The appeal itself is not included in the record, only the letter screening it out.

1       **2.    <u>Analysis</u>**

2       Plaintiff's Equal Protection claim is premised on Defendant Escamilla's allegedly

3   derogatory remark that Plaintiff is "rag-head Black Muslim and a terrorist." Defendant

4   seeks summary judgment on this claim for Plaintiff's failure to exhaust his administrative

5   remedies since the only inmate grievance filed by Plaintiff concerning this incident,

6   COR-13-01066, made no mention of this remark.

7       In his opposition, Plaintiff claims that his grievance was sufficient to provide

8   Defendant with notice of his Equal Protection claim. He acknowledges that the

9   grievance did not include information about the derogatory remark because Plaintiff did

10  not become aware of it until after he filed his grievance and CDCR policy prevented him

11  from amending his grievance to add the new allegation. He also suggests that he feared

12  reprisals from Defendant and other custody staff if he included this information in a

13  grievance. In support of his opposition, Plaintiff submits a number of exhibits, including

14  statements by other inmates, copies of his inmate grievances (identified <u>supra</u>), and a

15  copy of CDCR policy related to amendments of grievances.

16      Plaintiff's arguments are unavailing for a number of reasons. First, examination of

17  the grievance confirms that Plaintiff failed to include any reference to the derogatory

18  remark. Although the grievance includes language that Defendant violated Plaintiff's

19  Equal Protection rights, nowhere in the grievance is there a description of the incident

20  underlying that claim. An appeal "suffices to exhaust a claim if it puts the prison on

21  adequate notice of the problem for which the prisoner seeks redress," and "the prisoner

22  need only provide the level of detail required by the prison's regulations." <u>Sapp</u>, 623

23  F.3d at 824. CDCR's regulations require a description of "the specific issue under

24  appeal and the relief requested," and a description of the staff members involved and

25  their involvement.  § 3084.2(a). Plaintiff's grievance did not meet these requirements,

26  failing to include sufficient details to provide notice as to the issues underlying his Equal

27  Protection claim.

28

1    Second, Plaintiff's operative pleading contradicts his claim that he did not learn of

2   the derogatory remark until after he submitted his January 23, 2013, grievance. In his

3   pleading, Plaintiff claims that when he returned to his cell on the day of the incident, his

4   cellmate informed him that Defendant searched the cell and that this Defendant made

5   the derogatory remark. See First Am. Compl. ¶ 8, ECF No. 9 at 5; see also Fed. R. Civ.

6   P. 11. A party opposing summary judgment cannot create a genuine issue of material

7   fact by contradicting his pleadings. Block v. City of Los Angeles, 253 F.3d 410, 419, n.2

8   (9th Cir. 2001) ("A party cannot create a genuine issue of material fact to survive

9   summary judgment by contradicting his earlier version of the facts."); Am. Title Ins. Co.

10  v. Lacelaw Corp., 861 F.2d 224, 226 (9th Cir. 1988) ("Factual assertions in pleadings

11  and pretrial orders, unless amended, are considered judicial admissions conclusively

12  binding on the party who made them."); see also Rojas v. Roman Catholic Diocese of

13  Rochester, 660 F.3d 98, 106 (2d Cir. 2011) (granting summary judgment where

14  nonmoving party relied on "sham affidavit" directly contradicted by sworn statements

15  and pleadings).

16    Plaintiff's claim that he feared reprisal from Defendant and/or other custody staff

17  is also unconvincing. "[T]he PLRA ... does not require exhaustion when circumstances

18  render administrative remedies 'effectively unavailable.'" Sapp, 623 F.3d at 822 (citation

19  omitted). Thus, the circuit courts that have considered the issue have uniformly

20  concluded that, in some circumstances, a prison official's threat of retaliation can render

21  a prison grievance process unavailable. See Tuckel v. Grover, 660 F.3d 1249, 1252-53

22  (10th Cir. 2011) ("[W]hen a prison official inhibits an inmate from utilizing an

23  administrative process through threats or intimidation, that process can no longer be

24  said to be 'available.' "); Turner v. Burnside, 541 F.3d 1077, 1084 (11th Cir. 2008) ("The

25  circuits that have considered this issue have held that it is possible for retaliation or the

26  threat of retaliation to make administrative remedies unavailable to an inmate. Today we

27  join them." (citations omitted)); Kaba v. Stepp, 458 F.3d 678, 686 (7th Cir. 2006)

28  ("[T]hreats or other intimidation by prison officials may well deter a prisoner of ordinary

7

firmness from filing an internal grievance, but not an external one because the latter might avoid threatened retaliatory conduct from prison employees." (citation and internal quotation marks omitted)); Hemphill v. New York, 380 F.3d 680, 688 (2d Cir. 2004) ("[T]hreats or other intimidation by prison officials may well deter a prisoner of 'ordinary firmness' from filing an internal grievance, but not from appealing directly to individuals in positions of greater authority within the prison system, or to external structures of authority such as state or federal courts.").

Here, Plaintiff has not set forth any facts that would elevate his assertion from a generalized fear of retaliation to a specific threat. See Boyd v. Corr. Corp. of Am., 380 F.3d 989, 997-98 (6th Cir. 2004) (nonspecific allegations of fear do not excuse the failure to exhaust administrative remedies), cert. denied, 544 U.S. 920 (2005); Morrison v. Hartman, 898 F. Supp. 2d 577, 581 (W.D.N.Y. 2012) ("'[M]ere allegation[s] of a generalized fear of retaliation [are] insufficient' to excuse a failure to file a grievance." (quoting Brown v. Napoli, 687 F. Supp. 2d 295, 297-98 (W.D.N.Y. 2009)); Garcia v. Baca, 2008 WL 5119156, at *5 (C.D. Cal. Dec. 2, 2008) (A "generalized fear of retaliation is not an exception to the PLRA's exhaustion requirement ."); Ketchens v. Rocha, 2006 WL 1652658, at *2 (E.D. Cal. 2006) ("[G]eneralized fear of retaliation is not an exception to the exhaustion requirement."), report and recommendation adopted by, 2006 WL 2255517 (E.D. Cal. Aug. 7, 2006); Harrison v. Stallone, 2007 WL 2789473, at *6 (N.D.N.Y. Sept. 24, 2007) ("If every plaintiff bringing a retaliation claim could have the exhaustion requirement excused by alleging a fear of further retaliation, it would create a general exception to exhaustion for retaliation claims."). Indeed, undermining Plaintiff's claim of fear of retaliation is the fact that he filed two grievances complaining of Defendant's conduct. within a six-month period

Lastly, Plaintiff has included statements from other inmates who assert that Defendant conducted searches of their cells in a disrespectful manner and in violation of CDCR policy. However, these statements have no bearing on the question at issue here since most of the inmates have no actual knowledge of the event. Plaintiff does submit

a statement from his former cellmate who was present during Defendant's January 14, 2013, search of Plaintiff's cell, but this inmate fails to include any information regarding Defendant's derogatory comment. Plaintiff attributes this omission to a fear of reprisal but, again, there are no facts in the record that would establish a specific as opposed to a generalized fear of retaliation. The Court therefore concludes that Plaintiff has not exhausted his administrative remedies as to his Equal Protection claim.

**V.      CONCLUSION AND RECOMMENDATIONS**

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. Defendant's motion for partial summary judgment (ECF No. 44) be GRANTED;

2. Plaintiff's Fourteenth Amendment Equal Protection claim be DISMISSED for failure to exhaust administrative remedies; and

3. This action remain open on Plaintiff's First Amendment Free Exercise claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __January 23, 2016__          /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE