1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

11

DARRELL HARRIS,

12          Plaintiff,

13      v.

14  S. ESCAMILLA, et al.,

15          Defendants.

16
17
18
19
20
21
22
23

Case No.  1:13-cv-01354-DAD-MJS (PC)

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO ANSWER ADMISSIONS AND INTERROGATORIES**

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO PRODUCE DOCUMENTS**

**ORDER DENYING PLAINTIFF'S REQUEST FOR EXTRA INTERROGATORIES**

**ORDER DENYING DEFENDANT'S REQUEST FOR SANCTIONS**

**(ECF NO. 61)**

24      Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil
25  rights action brought pursuant to 28 U.S.C. § 1983. The case proceeds against
26  Defendant Escamilla for violating Plaintiff's First and Fourteenth Amendment rights
27  during a cell search on January 14, 2013. (ECF Nos. 9-10, 33 & 26.)

28

Before the Court is Plaintiff's December 17, 2015 "amended motion to compel Defendant to answer completely, produce documents, and allow extra interrogatories." (ECF No. 61.) Defendant filed his opposition on January 7, 2016. (ECF No. 62.) Plaintiff's reply was filed on February 26, 2016. (ECF No. 74.)  The matter is submitted pursuant to Local Rule 230(/).

I.  **PROCEDURAL HISTORY**

In May or June 2015, Plaintiff propounded his first set of discovery on Defendant ("Set 1"), which included 34 Requests for Admissions ("RFA") and 12 interrogatories. (See Pl.'s Mot. Compel ("MTC"), ECF No. 51 at 23-42.)  On June 22, 2015, Defendant submitted his responses to Plaintiff's discovery requests. (Id. at 44-70.)  Defendant objected to many of the RFAs because they were phrased as questions and, thus, were in essence interrogatories.

On July 22, 2015, Plaintiff propounded a second set of RFAs and interrogatories ("Set 2"), titled "Amended Requests for Admissions - Set One and Objections" and "Amended Interrogatories and Objections to Set One Responces [sic] by Defendants." (Pl.'s MTC, ECF No. 51 at 72-93.)  Set 2 addressed some of Defendant's objections to Set 1.

On August 25, 2015, defense counsel responded via letter to Plaintiff's comments in Set Two regarding Defendant's Set One objections. (Pl.'s MTC, ECF No. 51 at 91-92.)

Dissatisfied with Defendant's responses to Set 1 and Set 2, Plaintiff moved to compel Defendant to "answer interrogatories completely, to produce requested documents, and to allow rephrased interrogatories, admissions." (ECF No. 51.) On December 1, 2015, the Court denied Plaintiff's motion to compel on several grounds:

2

one, that Plaintiff failed to identify which of the Defendant's responses to the original discovery request were inadequate and why; two, that Plaintiff never served a Request for Production of Documents pursuant to Federal Rule of Civil Procedure 34; and three, Plaintiff did not indicate how many additional interrogatories he sought to serve and why.  The Court did, however, grant Plaintiff fourteen days to amend his motion to compel.  (ECF No. 56.)  Plaintiff timely filed the instant amended motion to compel on December 17, 2015[1].  (ECF No. 61.)  Defendant filed his opposition on January 7, 2016. (ECF No. 62.)  Plaintiff's reply was filed on February 26, 2016.  (ECF No. 74.)

## I.    **LEGAL STANDARD**

The discovery process is subject to the overriding limitation of good faith.  Asea, Inc. v. S. Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir.1981).  Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense, and for good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action.  Fed. R. Civ. P. 26(b)(1).  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  Id.

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified.  E.g., Grabek v. Dickinson, No. CIV S-10-2892 GGH P., 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS (PC), 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).  This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for

---

[1] Plaintiff's motion was filed with the Court on December 17, 2015, but the certificate of service shows it was delivered to prison authorities on December 14, 2015.  Therefore under the prison mailbox rule, Plaintiff's motion is deemed timely.  Houston v. Lack, 487 U.S. 266 (1988)

each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious.  <u>Grabek</u>, 2012 WL 113799, at *1; <u>Womack v. Virga</u>, No. CIV S-11-1030 MCE EFB P., 2011 WL 6703958, at *3 (E.D. Cal. Dec. 21, 2011).

The court must limit discovery if the burden of the proposed discovery outweighs its likely benefit.  Fed. R. Civ. P. 26(b)(2)(C)(iii).  "In each instance, the determination whether . . . information is discoverable because it is relevant to the claims or defenses depends on the circumstances of the pending action."  Fed. R. Civ. P. 26 Advisory Committee's Note (2000 Amendment) (Gap Report) (Subdivision (b)(1)).

As particularly applicable here, pursuant to Rule 37(a), a party propounding discovery may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a)(3)(B). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."  Fed. R. Civ. P. 37(a)(4).  There is a difference between an outright denial of a matter and a denial on the basis of lack of sufficient information or knowledge to affirmatively admit or deny.  Fed. R. Civ. P. 36(a)(4) ("If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it.").  A party may not give lack of information as a reason for failure to admit or deny "unless he states that he has made a reasonable inquiry and that the information known or readily obtainable by him is insufficient to enable him to admit or deny."  <u>Asea</u>, 669 F.2d at 1246.  It is not enough, however, for a party to simply state that he or she has made a "reasonable inquiry.  <u>Id.</u> ("We are not persuaded that an answer to a request for admission necessarily complies with Rule 36(a) merely because it includes a statement that the party has made a

4

reasonable inquiry."). To permit a party to simply track the language of Rule 36(a)(4) without providing an explanation as to what reasonable inquiry was made would allow that party to abuse the discovery process. Id.; see also Jacobs v. Sullivan, No. 1:05-cv-01625-LJO-GSA, 2012 WL 2995648, at *9 (E.D. Cal. July 23, 2012) (Defendant's response that 'after a reasonable inquiry and diligent search, she has no documents to refresh her recollection' deemed inadequate by Court because she failed to describe in her responses any of her efforts to search for information, or describe any of the documents she reviewed to refresh her recollection.)

## II.   **DISCUSSION**

The Court's prior order denying Plaintiff's motion to compel further responses instructed Plaintiff to identify which of Defendant's responses he deemed inadequate. (ECF No. 56 p. 3.) In compliance with the Court's instructions, Plaintiff's amended motion to compel lists each individual request for which he seeks to compel a response. (ECF No. 61.) However, Plaintiff appears to have conflated his two separate sets of RFAs and Interrogatories in his amended motion, and demands responses to RFAs and Interrogatories propounded in Set 1 that appear to have been amended and superseded by Set 2. Therefore, unless otherwise noted, the Court will only refer to Plaintiff's amended RFAs and interrogatories appearing in Set 2 and Defendant's answers thereto.

### A.   **Requests For Admissions**

Under Rule 36(a) of the Federal Rules of Civil Procedure, a party "may serve on any other party a written request to admit . . . the truth of any matters within the scope of Rule 36(b)(1) relating to: (A) facts, the application of law to facts, or opinions about either; and (B) the genuineness of any described documents." The purpose of a request for admission is to "expedite trial by establishing certain material facts as true and thus narrowing the range of issues of trial." Asea, Inc. v. Southern Pac. Transp.

Co, 669 F.2d 1242, 1245 (9th Cir. 1981).   As explained in the 1970 Amendment Advisory Committee Notes, "the rule is in keeping with the basic principle of the discovery rules that a reasonable burden may be imposed on the parties when its discharge will facilitate preparation for trial and ease the trial process."   Advisory Committee's Note to Rule 36(a), 48 F.R.D. 531, 533 (1970).

In accordance with these principles, the court grants in part and denies in part Plaintiff's amended motion to compel RFAs as follows:

**1.    RFA No. 1, Set 2 (amended from RFA No. 3, Set 1):**

**Request, ECF 51, p. 24:**
Admitt (sic) that 1-14-13 was your first day working in CSP-Cor. 3c03 in 2013.

**Response, ECF No. 52-1 p. 5:**
Defendant admits January 14, 2013 was the first day he worked in Facility 3C building 3 in 2013.

Plaintiff acknowledges in his reply brief that Defendant answered this request in full. (ECF No. 74 p. 8.) The issue over RFA No. 1, Set 2, apparently having been resolved, Plaintiff's motion to compel is MOOT as to RFA No. 1, Set 2.

**2.    RFA No. 4, Set 1:**

**Request, ECF 51 p. 24:**
Was 1-14-13 the First Day you worked in 3c-building 3 in a year prior (sic).

**Response, ECF No. 52-1 p. 5:**
Defendant objects that this is an interrogatory and not a proper request for admission under Federal Rule of Civil Procedure 36. The request does not seek the admission of a fact or genuineness of any document, and is propounded in an attempt to circumvent the numerosity limitation of Federal Rule of Civil Procedure 33(a)(1).   In addition, this request is vague and ambiguous as Defendant is uncertain what fact Plaintiff is requesting that Defendant admit or deny.

Defendant's objections are well-taken, but as a practical matter, it appears the

question being asked has been answered with the information provided in response to RFA No. 1, Set 2.  Thus Plaintiff's motion to compel is MOOT as to RFA No. 4, Set 1, as well.

      **3.**     **RFA No. 2, Set 2 (amended from RFA No. 6, Set 1):**

> **Request, ECF No. 51 p. 73:**
> Admitt (sic) you have never had a incounter (sic) with Mr. Harris (Plaintiff) before 1-14-13, written or verbal.
>
> **Response, ECF No. 52-1 p. 71:**
> Defendant objects to this request on the grounds that it is vague and ambiguous with respect to the term "incounter with Mr. Harris (Plaintiff) before 1-14-13 written or verbal."  The request is also compound and requires Defendant to speculate as to what Plaintiff means by the term "incounter."  Subject to and without waiving the forgoing objections, Defendant responds that after a reasonably (sic) inquiry, he lacks sufficient information or knowledge to respond to this request and, on that basis, denies this request.

Plaintiff argues that Defendant's response is deliberately untruthful, and he refuses to accept Defendant's claim that Defendant conducted a reasonable inquiry into the matter.  (ECF 61 p. 4.)  ("The Defendant is in bad faith being untruthful to plaintiff's own knowledge.  And is attempting to obstruct the Discovery process and in this case expects his lack of memory to suffice for documentation (sic)").  Defendant argues that as he already responded to the request, Plaintiff is not entitled to a further response.

The request is not a model of clarity, but it reasonably may be read to ask whether Defendant had any prior written or verbal contact of any kind with Plaintiff.  To the extent that Defendant reasonably can review records to determine if he has ever interacted with Plaintiff, it is incumbent upon him to do so.  <u>Asea</u>, 669 F.2d at 1246-47. If in fact Defendant has no recollection or record of any such contact, it would be simple and expedient to so state.

Thus, the Court GRANTS in part Plaintiff's motion to compel with regards to RFA No. 2, Set 2.  Within fourteen (14) days of the date of this order, Defendant shall provide a further response to Plaintiff along the lines indicated above or otherwise in accordance with the Federal Rules.

### 4.   RFA No. 3, Set 2 (Amended from RFA No. 7, Set 1)

**Request, ECF No. 51 p. 73:**
Admitt (sic) you moved Mr. Tellez CDC # F-83298 into 3c03-138 up on 1-14-13 (sic).

**Response, ECF No. 52-1 p. 71**:
Defendant denies that he moved Inmate Tellez on January 14, 2013

Plaintiff contends that Defendant was untruthful in denying RFA No. 3, Set 2. However, simply because Plaintiff does not like the response does not mean that he is entitled to a different one.   Scott v. Palmer, 1:09-cv-01329, 2014 WL 6685810, at *3 (E.D. Cal. Nov. 26, 2014) ("Mere distrust and suspicion regarding discovery responses do *not* form a legitimate basis to further challenge responses which are facially legally sufficient; and Plaintiff is entitled neither to continue demanding additional and/or different evidence in support of discovery responses already provided") (emphasis in original).  If Plaintiff thinks the response is false, he may attempt to so show at trial in an effort to impeach Defendant's credibility.   Accordingly, Plaintiff's motion to compel a response to RFA No. 3, Set. 2 is DENIED.

### 5.   RFA No. 5, Set 2 (amended from RFA No. 9, Set 1)[2]

**Request, ECF 51 p. 26:**
Admitt (sic) you searched no property Belonging to 3c03-138 up

---

[2] RFA No. 9, Set 1 reads: "Isn't it true Mr. Tellez CDCR No. F-83298, had no property on 1-14-13," which is a different question from "Admitt you searched no property Belonging to 3c03-138 up during the search of 3c03-138 on 1/14/13."  In Plaintiff's amended motion to compel (ECF No. 61), Plaintiff requests a response to RFA No. 9, Set 1.  For the purposes of clarity and fairness to both parties, the Court will treat any amended requests in Set 2 as superseding the corresponding request in Set 1.

during the search of 3c03-138 on 1/14/13 (sic).

**Response, ECF No. 52-1 p. 72:**
Defendant objects to this request on the grounds that it is vague and ambiguous as to the term "property belonging to 3c03-138 up." Subject to and without waiving this objection, Defendants (sic) denies this request.

Plaintiff argues that Defendant's denial is in bad faith and a deliberate attempt to be vague and obstruct the discovery process. According to Plaintiff, Defendant must admit that Mr. Tellez had no property on the date in question. Plaintiff alleges that Defendant would have kept records of what property was recovered, if any, from Mr. Tellez, and that the lack of such records goes to prove that Mr. Tellez did not have property, and therefore was not searched. Defendant argues that as he affirmatively denied Plaintiff's request, he is not required to give a different answer.

Plaintiff must accept the response he received. Scott, 2014 WL 6685810 at *3. If he thinks it is false, he may attempt to so show at trial. Therefore, Plaintiff's motion to compel a response to RFA No. 5, Set 2 is DENIED.

6.    **RFA No. 6, Set 2 (amended from RFA No. 12, Set. 1)**

**Request, ECF No. 51 p. 75:**
Admitt (sic) the cell search of 3c03-138L on 1-14-13 was not a rotine search (sic).

**Response, ECF No. 52-1 p. 72:**
Defendant objects to this request on the grounds that it is vague and ambiguous as to the term "rotine search." Defendant is uncertain what Plaintiff means by this term. Subject to and without waiving this objection, and to the best of his understanding of this request, Defendant denies that the search he performed of Plaintiff's cell on January 14, 2013, was not a routine search.

Plaintiff contends that Defendant should be made to answer this request because it is a proper question of fact, and one which it is Defendant's duty to know. Defendant has answered Plaintiff's request. While Plaintiff may not like the answer, he is not

1   entitled on that basis to a different one.  <u>Scott</u>, 2014 WL 6685810 at *3.

2       Plaintiff's motion to compel a response to RFA No. 6, Set 2 is DENIED.

3                   **7.      RFA No. 8, Set 2 (amended from RFA No. 14, Set 1):**

4

5                   **Request, ECF No. 51 p. 76:**
                    Admitt (sic) you removed a Quran from a gray cloth Book cover
6                   during the cell search of 3c03-138L on 1-14-13. No. 15 on the cell
                    search slip, provided by the Defendant 1-15-13.

7
                    **Response, ECF No. 52-1 p. 73:**
8                   Defendant objects to this request on the grounds that it is vague
                    and ambiguous as to exactly what fact Plaintiff is requesting the
9                   Defendant admit, and that it is compound.  Subject to and without
                    waiving the foregoing, and to the best of his understanding of this
10                  request, Defendant denies this request.

11
        Plaintiff argues that Defendant should be made to answer this RFA as it goes to
12
    the heart of Plaintiff's claim, to wit, how Defendant came to desecrate Plaintiff's Quran.
13
    Defendant has denied the request.  Simply because Plaintiff did not like the answer he
14
    received to his RFA does not mean he can compel a different one.  <u>Scott</u>, 2014 WL
15
    6685810 at *3.  Therefore, Plaintiff's motion to compel a response to RFA No. 8, Set 2
16
    is DENIED.
17

18                  **8.      RFA No. 18, Set 1**

19
                    **Request, ECF No. 51 p. 29:**
20                  In the above discribed (sic) search, Did you not provide a cell
                    search slip, Even after being requested for one, by R. Tellez, until
21                  the Next Day 24° Later.

22
                    **Response, ECF No. 52-1 p. 10:**
23                  Defendant objects that this is an interrogatory and not a proper
                    request for admission under Federal Rule of Civil Procedure 36.
24                  The request does not seek the admission of a fact or genuineness
                    of any document, and is propounded in an attempt to circumvent
25                  the numerosity limitation of Federal Rule of Civil Procedure
                    33(a)(1).  In addition, this request is compound and defendant is
26                  uncertain what fact Plaintiff is requesting that Defendant admit or
                    deny.  Subject to these objections, Defendant admits providing a
27                  cell search slip for the search of Plaintiff's cell conducted on
                    January 14, 2013.
28

                                          10

1

2      Again, the Request is far from clear and not properly stated in the form of a

3  request for admission.  Still, it seems clear that it is designed to have Defendant admit

4  or deny that he waited twenty-four hours after the cell search to provide a cell search

5  slip.  It would be simple, expedient and serve the interests of justice to so admit or deny.

6  Therefore, the Court GRANTS Plaintiff's motion to compel a response to RFA No. 18,

7  Set 1.  Within fourteen (14) days of the date of this order, Defendant shall provide a

8  further response to Plaintiff.

9

10                     **9.      RFA No. 11, Set 2 (amended RFA No. 28, Set 1)**

11
                              **Request, ECF No. 51 p. 32:**
12                            Admitt you have never given Mr. Harris (Plaintiff) a 128 or a 115
                              write-up or had any disciplinary problems with the Plaintiff.
13
                              **Response, ECF No. 52-1 p. 74:**
14                            Defendant objects that this request is compound in seeking
                              admission of facts relating to at least three separate things: "a 128,"
15                            "a 115 write-up" and "disciplinary problems."  In addition, the term
                              disciplinary problems is vague and requires Defendant to speculate
16                            as to what Plaintiff would consider to be a disciplinary problem.
                              Subject to and without waiving the foregoing objections, Defendant
17                            denies that has "never given Mr. Harris (Plaintiff) a 128," and
                              admits that to the best of recollection (sic) he has never given Mr.
18                            Harris a "115 write-up."  Defendant further responds that after a
                              reasonable inquiry, he lacks sufficient information or knowledge to
19                            admit or deny this request as related to disciplinary problems, and
                              on that basis, denies this request.
20

21

22      Plaintiff argues that Defendant will claim, falsely, that there was contraband

23  found in Plaintiff's cell during the cell search on January 14, 2013, and cites Defendant's

24  Motion to Dismiss Plaintiff's First Amended Complaint.  (ECF No. 16-1 p. 9.)   According

25  to Plaintiff, if contraband had been found in Plaintiff's cell, Defendant would have given

26  Plaintiff a "write-up" or taken some other disciplinary action against Plaintiff.  Plaintiff

27  argues that the Defendant's response is critical to showing that Defendant's claim that

28

contraband was found in Plaintiff's cell is false.   Defendant argues that he properly denied RFA No. 11, Set 2.

Defendant properly responded to those parts of the RFA that asked whether he had issued Plaintiff any CDC-128s or 115s, but stated that he lacked sufficient information to admit or deny Plaintiff's request with regard to "disciplinary problems."

Defendant claims that the term "disciplinary problems" is too vague and ambiguous to answer.   The Court disagrees.   Not all inmate misconduct is serious enough to warrant a CDC Form 115 or 128-A write up; staff members are permitted to respond to "minor misconduct" with verbal counseling.   Cal. Code Regs. Tit. 15 § 3312(a)(1).   If the verbal counseling successfully corrects the misconduct, no written report of the misconduct is necessary. Id. RFA No. 11, Set 2 asks about all disciplinary action, not just that which resulted in a formal write-up. Thus to the extent that Defendant is able, he should answer the request based upon his memory or records, if any, of any *verbal* disciplinary action taken by him against Plaintiff.

Here, Defendant answers that he lacks sufficient information or knowledge to respond to Plaintiff's request after a reasonable inquiry, but neither his response to the original RFA nor his response to Plaintiff's amended motion to compel offer any information as to what "reasonable inquiry" was made.   Thus, the Court GRANTS Plaintiff's motion to compel a further response to that portion of RFA No. 11, Set 2 concerning "disciplinary problems."   Defendant must provide Plaintiff with a further response within fourteen days, either admitting or denying the request or describing the reasonable inquiries that were made.   Defendant's failure to so respond will be deemed an admission.

10.     **RFA No. 29, Set 1**

**Request, ECF No. 51 p. 33:**
On or about 1-28-13, Did you conduct a cell search of 3c03-116L Inmate barnes (sic) CDCR No. F-21747 and throw his Quran on the Floor and step on it and kick it under the bunk.

**Response, ECF No. 52-1 p. 75:**
Defendant objects that this is an interrogatory and not a proper request for admission under Federal Rules of Civil Procedure 36. The request does not seek the admission of a fact or genuineness of any document, and is propounded in an attempt to circumvent the numerosity limitation of Federal Rule of Civil Procedure 33(a)(1). Moreover, this request is compound, and vague and ambiguous. Defendant is uncertain what fact Plaintiff is requesting that Defendant admit or deny. Subject to and without waiving these objections, Defendant denies throwing a Quran on the floor, stepping on it, or kicking it.

Defendant has answered. Plaintiff's motion to compel a response to RFA No. 29, Set 1, is DENIED.

**B.    Interrogatories**

Under Federal Rule of Civil Procedure 33(a)(1), "[a]n interrogatory may relate to any matter that may be inquired into under Rule 26(b)."  As with RFAs, the purpose of interrogatories is to expedite trial by narrowing and clarifying the issues and identifying potential witnesses or documents.  Anderson v. Fresno Cty., Hum. Serv. Sys., No. 1:05-cv-1325, 2007 WL 1865657, at *3 (E.D. Cal. June 28, 2007).

1.     **Interrogatory No. 1**

**Request, ECF No. 51 p. 36:**
In the 5 years prior to 1-14-13, Had you ever had material allegations of discrimination! (sic) Please list in order and the charge log no.

**Response (ECF No. 52-1 p. 21)**
Defendant objects to this interrogatory on the grounds that it is vague and ambiguous as to the term "had material allegations of discrimination."  Defendant does not understand what Plaintiff means, and so this interrogatory requires Defendant to speculate

13

as to what information Plaintiff seeks to discover.  To the extent Plaintiff is requesting that Defendant list staff complaints asserting discrimination, Defendant responds that he is aware of no such complaints, including Plaintiff's staff complaint pertaining to the search on January 14, 2013.

To the extent Plaintiff seeks information about other grievances not classified as staff complaints that mention Officer Escamilla, Defendant further objects that such grievances are not likely to lead to the discovery of admissible evidence as propensity evidence would be barred under Federal Rule of Evidence 404.  In addition, it would be unduly burdensome to require Defendant to search through all complaints of all inmates at CSP-Corcoran going back to 2008.

Defendant also objects on the grounds of safety, security and the privacy of other inmates.  Plaintiff is not permitted to have access to grievances or complaints submitted by other inmates.  Cal Code Regs. Tit. 15, § 3370.

Plaintiff argues that he needs information about Defendant's prior discriminatory acts in order to prove Defendant's malicious intent during the search of Plaintiff's cell on January 14, 2013.   Plaintiff also argues that Defendant is well aware of the staff complaint submitted by Plaintiff and is being untruthful in his denial.

Defendant objects on several grounds. Defendant objects that Interrogatory No. 1 is vague and ambiguous with regards to the term "had material allegations of discrimination."   The Court agrees that the term "material" is vague.   Defendant's objection is therefore sustained on these grounds, and Plaintiff's motion to compel a response to Interrogatory No. 1 is DENIED.

### 2.   Interrogatory No. 5

**Request, ECF No. 51 p. 38:**
Have you ever been found guilty of misconduct of any kind. (Please list conduct and Date) Log. No.

**Response, ECF No. 52-1 p. 23:**
Defendant objects to this interrogatory on the grounds that it is vague and ambiguous as to the term "misconduct of any kind" and "found guilty."  Defendant is also unsure what information Plaintiff is

seeking with this request to "(Please list conduct and date) Log No." To the extent Plaintiff is seeking information contained in Defendant's personnel records, Defendant also objects on the grounds that personnel records are subject to the qualified privilege of official information and federal common law privilege.  Pursuant to Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033-34 (9th Cir. 1991), such broad requests are generally not allowed on federal common law grounds.  The confidential nature of employee personnel files prohibits the opening of such filed to a plaintiff for a general search which could reach well beyond the legitimate inquiries necessary.  Id.  Personnel files are also protected by the privacy rights of staff, including federal common-law, the California Constitution, and applicable California statutes such as Penal Code sections 832.7, 832.8, Government Code section 6254, and Civil Code sections 1798.24 and 1798.40 and California Code of Regulations Title 15 §3400.  Defendant also objects on the grounds of safety and security and the privacy of other inmates.  Plaintiff is not permitted to have access to the grievances or complaints filed by other inmates.  Cal. Code. Regs. Tit. 15, §3370.

Subject to and without waiving the foregoing objections, Defendant responds that he has never been charged with or "found guilty" of any criminal "misconduct."

Defendant only responds with regard to "criminal" misconduct; Plaintiff asked about *any* misconduct.  Plaintiff clarifies in his amended motion to compel that this request includes past 602s filed against Defendant.  Plaintiff argues that the discovery of this information is necessary to support his claim of misconduct by Defendant.  Defendant objects on the grounds that the term "guilty" necessarily connotes "criminal" misconduct, and since Defendant answered that he has never been charged or found guilty of criminal misconduct Plaintiff cannot now amend his discovery request to seek information about misconduct included in 602s.  Defendant also argues that information regarding other 602s raises security concerns and, in any event, 602s unrelated to this incident are irrelevant and inadmissible.

First, the Court does not read Plaintiff's use of the term "guilty" to be limited to findings of guilt in a court of law. Reason dictates the term was intended to connote

liability, i.e., to mean found "culpable," "responsible," "accountable," or "blameworthy." Therefore, Defendant's objection that Plaintiff's request was vague and ambiguous is overruled.

Defendant also argues that Defendant already answered Plaintiff's requests for Defendant's history of misconduct in his response to Interrogatories Nos. 6 and 12. (ECF No. 52-1 p. 24-25.)  Interrogatory No. 6 asked: "Have you ever had Allegations of Derogatory Remarks towards inmates, Please list by date and remark."  Interrogatory No. 12 asked: "Have you ever been Disciplined for misconduct List All Disciplinary Actions for the past 5 years prior to 2013."  The Court does not read these two requests to extend to and encompass the information sought by Interrogatory No. 5.  Therefore, Defendant's objection on the grounds that Plaintiff's request is redundant is overruled.

Defendant also objected to Interrogatory No. 5 on a number of statutory and common law grounds pertaining to institutional security and inmate and staff privacy. The Court overrules Defendant's objections.  Defendant cites Sanchez v. City of Santa Ana, 936 F.2d 1027 (9th Cir. 1990), in support of his argument that the "confidential nature of employee personnel files prohibit the opening of such files to a plaintiff for a general search which could reach well beyond the legitimate inquiries necessary." (ECF No. 52-1 p. 23.)  However, under Sanchez, Defendant could comply with Plaintiff's request without giving Plaintiff access to the actual personnel files.  936 F.2d at 1034 (noting "[m]ost of the relevant information . . . could have been developed by interrogatories.").   Defendant also expressed concern about the privacy of inmates involved in prior complaints against Defendant.  However, "[w]hile Cal. Code Regs. Tit. 15 § 3370(b) may prevent Defendant[] from producing documents from another inmate's central file absent a court order, it does not prevent Defendants from responding to an

interrogatory on the same issues." Hamilton v. Quinonez, 1:14-cv-1216, 2015 WL 3660138, at *3 (E.D. Cal. June 10, 2015); Cordoba v. Dickinson, No. CIV S-10-2944, 2012 WL 868926, at *2 (E.D. Cal. Mar. 13, 2012) (Plaintiff "could and should have sought" information about Defendants' conduct from the central file of his inmate-enemy "through interrogatories, requests for admissions, or other available discovery devices"). Furthermore, under Cal. Penal Code § 832.7(c), Defendant "may disseminate data regarding the number, type, or disposition of complaints (sustained, not sustained, exonerated, or unfounded) made against [him] if that information is in a form which does not identify the individuals involved."[3]

Furthermore, under Federal Rule of Evidence 404(b), evidence of prior bad acts is admissible to show intent or absence of mistake or accident. Since it appears that Defendant may claim that if he did step on Plaintiff's Quran, he did so accidentally, evidence of prior similar conduct could be admissible as impeachment evidence. United States v. Johnson, 132 F.3d 1279 (9th Cir. 1997). Therefore, Defendant's objection on admissibility grounds is overruled.

Lastly, Defendant points to the Declaration of Mr. A. Pacillas, Appeals Coordinator at CSP-Corcoran, to show that it would be unduly burdensome for Defendant to search through all past documents for evidence of misconduct. (ECF No. 52-2) Mr. Pacillas avers that nearly 5,000 inmate appeals are filed each year at CSP-Corcoran. In addition, only appeals that are classified as "staff complaints" are filed with a cross-reference to the staff member's name. All other appeals are categorized by general subject matter only. (ECF No. 52-2 p. 2.) Mr. Pacillas does not specify how many complaints are classified as staff complaints.

---

[3] Defendant refers to several other California state statutes in his objection. The Court overrules Defendant's objections on those grounds as well.

The Court acknowledges that Defendant cannot dedicate unlimited resources to searching all past inmate appeals for references to Defendant.  However, Defendant should make a reasonable inquiry by at least searching staff complaints cross-referenced with Defendant's name and then setting forth what he did not search and why.

Plaintiff's motion to compel a response to Interrogatory No. 5 is GRANTED. Defendant shall provide a further response to this interrogatory within fourteen (14) days.

3.    **Interrogatory No. 10**

**Request, ECF No. 51 p. 40:**
Did Inmate Barnes CDCR No. F-21747 3co3-116 make alligations (sic) of Desecration of his Quran by you in 2013 (List 602 or Log No.)

**Response, ECF No. 51-2 p. 27:**
Defendant objects to this interrogatory on the grounds that it is vague and ambiguous with respect to the term "alligations of desecration of his Quran."

Defendant also objects on the grounds of safety and security and the privacy of other inmates.  Plaintiff is not permitted to have access to grievances, complaints, or correspondence submitted by other inmates.  Cal. Code Regs. Tit. 15, § 3370.

Subject to and without waiving the foregoing objections, Defendant responds that he does not know inmate Barnes (F-21747) and has no knowledge of any such 602 described by Plaintiff.

Plaintiff argues that his request is not vague and goes to the heart of the issue in his case, to wit, Defendant's habitual discriminatory conduct towards inmates.  Plaintiff also argues that Defendant disingenuously denies knowing inmate Barnes, and that while Defendant is not expected to remember every inmate he comes across, he is expected to check his records and provide a truthful answer.  Defendant responds that

he has already responded fully and completely, and is not required to provide any further explanation.

.  Plaintiff received a full and complete answer to Interrogatory No. 10, and while he may not like the answer received, he is not entitled to a different one.  <u>Scott</u>, 2014 WL 6685810, at *3.  Therefore, Plaintiff's motion to compel a response to Interrogatory No. 10 is DENIED.

       **4.**      **Interrogatory No. 11**

      **Request, ECF No. 51 p. 40:**
      Did R. Tellez CDCR No F-83298 3co3 138 up 602 Ms. Barron, and S. Escamilla for Refusal to Allow him to move and incitement to violence in 2013 provide 602 and results or their log No.

      **Response, ECF NO. 52-1 p. 27:**
      Defendant objects to this interrogatory on the grounds that is (sic) vague and ambiguous with respect to the term "602 Ms. Barron and S. Escamilla for refusal to allow him move (sic) and incitement to violence in 2013."  Defendant also objects on the grounds of safety and security and the privacy of other inmates.  Plaintiff is not permitted to have access to grievances, complaints or correspondence submitted by other inmates.  Cal. Code Regs. Tit. 15, § 3370.

      Subject to and without waiving the foregoing objections, Defendant responds that he has no knowledge of any such 602 by inmate Tellez (F-83298) against him or Officer Barron.

Plaintiff argues that Defendant does have such knowledge, and that a check of Defendant's personal records would prove this.  Defendant once again argues that he has already answered completely and fully, and does not owe Plaintiff an additional response.

Plaintiff received a full and complete answer to Interrogatory No. 11, and while he may not like the answer received he is not entitled to a different one. <u>Scott</u>, 2014 WL 6685810 at *3.  Therefore, Plaintiff's motion to compel a response to Interrogatory No. 11 is DENIED.

### C.   Plaintiff's Request For Additional Interrogatories

Plaintiff once again petitions the court for leave to serve additional interrogatories. Although Fed. R. Civ. P. 33(a) limits the number of interrogatories a party may serve to twenty-five, under Rule 33, a Court may grant leave to serve additional interrogatories to the extent consistent with Rules 26(b)(1) and (2). "If a particularized showing of the necessity of the discovery is made, a party may request additional interrogatories." Sterr v. Baptista, No. S CIV 08-2307, 2009 WL 1940500, at *1 (E.D. Cal. June 29, 2009).  Here, Plaintiff's amended motion to compel has again failed to indicate how many additional interrogatories he wishes to serve or why. Therefore, Plaintiff's request for additional interrogatories is denied without further leave to amend.

### D.   Plaintiff's Motion To Compel Defendant To Produce Statements And Reports Of Witnesses

A party may serve on any other party a request within the scope of Rule 26(b) to "produce and permit the requesting party or its representative to inspect, copy, test, or sample" any documents, electronically stored information, or tangible things "in the responding party's possession, custody or control."  Fed. R. Civ. P. 34(a)(1).

Along with his amended motion to compel, Plaintiff also submitted to the Court what appears to be a new discovery request for the production of documents under Federal Rule of Civil Procedure 34.  (ECF No. 61 pp. 31-35.).  Plaintiff requests:

> "[p]roduction of the documents listed herein, (definition) all electronically stored information and tangible things, that are within the scope of Fed. R. C. P. Rule 26(b).  This request is to inspect and copy the requested documents, that are in the custody or controle of CDCR and their employee, the Defendant S. Escamilla that occur in the normal course of business.  For the past 5 years from 1-14-13 (sic)."  (ECF No. 61 pp. 31-32.)

Defendant argues that discovery on this case closed on December 1, 2015, and Plaintiff's request for the production of documents was not served until December 14, 2015.  While the Court did extend the discovery deadline by fourteen days, it was for the limited purpose of allowing Plaintiff time to serve his amended motion to compel.  (ECF No. 56.)  The Court will not entertain new discovery requests submitted after discovery has closed unless the party making the request can show good cause for why the request was not served earlier.  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) ("The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'") (citing Fed. R. Civ. P.16 Advisory Committee's Note (1983 Amendment)).

In this case, Plaintiff has not shown good cause for only now requesting these documents.  Furthermore, Plaintiff's request is overbroad and unduly burdensome.  Plaintiff seems to want to request every document at CDCR pertaining to Defendant from the past five years.  Requiring Defendant to comply with the request would permit Plaintiff to engage in an improper "fishing expedition."  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004).  Additionally, Plaintiff has not set forth the relevance of these documents.  Therefore, Plaintiff's request for the production of documents is DENIED.

## III.   DEFENDANT'S MOTION FOR ATTORNEY'S FEES

Defendant requests that the Court sanction Plaintiff in the amount of the attorney's fees Plaintiff's amended motion to compel has cost Defendant.  He argues the Plaintiff's motion to compel was not substantially justified in light of the fact that Plaintiff requested responses to questions that Defendant had already answered.  (ECF No. 62 p. 9.)

As the Court has granted Plaintiff's motion in part and denied Plaintiff's motion in part, the Court does not believe it is appropriate to impose monetary sanctions against Plaintiff.  Fed. R. Civ. P. 37(a)(5)(C).  Therefore, the Court DENIES Defendant's request for monetary sanctions against Plaintiff.

## IV.    CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.  Plaintiff's amended motion to compel, ECF No. 61, is

    a.  GRANTED as to RFA No. 2, Set 2;  No. 18, Set 1; and No. 11, Set 2

    b.  GRANTED as to Interrogatory No. 5

    c.  DENIED as to all remaining RFAs

    d.  DENIED as to all remaining Interrogatories

2.  Defendant shall provide a further response to these RFAs and Interrogatories within fourteen days;

3.  Plaintiff shall have fourteen days thereafter to file a further motion to compel, if necessary;

4.  Plaintiff's motion requesting additional interrogatories, ECF No. 61, is DENIED with prejudice;

5.  Plaintiff's motion to compel Defendant to produce statements and reports of witnesses, ECF No. 61, is DENIED with prejudice.

6.  Defendant's motion to impose sanctions against Plaintiff, ECF No. 62, is DENIED.

IT IS SO ORDERED.

Dated:    March 28, 2016            /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE