UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREL HARRIS,<br><br>      Plaintiff,<br><br>    v.<br><br>S. ESCAMILLA, et al.,<br><br>      Defendants. | 1:13-cv-01354-DAD-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**(ECF No. 97)**<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION TO TIME TO FILE OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>**(ECF No. 98)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

## I. INTRODUCTION

Plaintiff is a prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court are two motions filed by Plaintiff on June 20, 2016, a motion for appointment of counsel (ECF No. 97) and a third motion for a sixty (60) day extension of time to respond to Defendant's February 8, 2016, motion for summary judgment (ECF No. 98).

## II. PROCEDURAL HISTORY

On February 8, 2016, Defendant filed a motion for summary judgment. (ECF No. 69.) On February 22, 2016, Plaintiff filed a motion for a sixty (60) day extension of time to file an opposition. (ECF No. 72.) Plaintiff's motion was granted on February 25, 2016.

1

(ECF No. 73.)  On April 21, 2016, Plaintiff filed a second motion requesting a forty-five (45) day extension to time to file an opposition to Defendant's summary judgment motion. (ECF No. 90.) Plaintiff's motion was granted on April 27, 2016.  Plaintiff now seeks a third extension of time, this time for sixty (60) days, to file his opposition to Defendant's summary judgment motion, citing lack of access to the law library, the inefficient prison mail system, and his laymen's understanding of the law.  (ECF No. 98.) Plaintiff also asks the Court to appoint counsel. (ECF No. 97.)

### III.  DISCUSSION

#### A.  Request For Extension of Time to File Opposition

Defendant filed his summary judgment motion on February 8, 2016, more than five months ago. In the ensuing five month period, Plaintiff requested, and was granted, two extensions of time to file his opposition. Rather than file an opposition, however, Plaintiff researched, drafted, and filed a plethora of other motions, including a motion to stay the proceedings for the purpose of reopening discovery (ECF No. 78), objections to two different sets of the magistrate judge's findings and recommendations (ECF Nos. 80 & 92), and a third motion to compel discovery (ECF No. 95).[1]  For reasons unknown, Plaintiff now claims that his limited access to the law library and delays in receiving his legal mail prevent him from timely researching and drafting a response to Defendant's motion. (ECF No. 98.)

Plaintiff cannot delay the proceedings any longer. He shall file his opposition to Defendant's summary judgment motion within twenty-one (21) days of this Court's order.

#### B.  Request For Counsel

Plaintiff has renewed his request for appointment of counsel. (ECF No. 97.)

---

[1] The Court has scheduled a telephonic discovery dispute conference for July 8, 2016, at 11:00 am to address Plaintiff's new motion to compel discovery. After an initial review of Plaintiff's motion, it does not appear that any discovery obtained as a result of the motion to compel will affect Plaintiff's opposition to summary judgment, as Plaintiff seeks documents regarding Defendant's prior disciplinary record, and Defendant's summary judgment motion turns on whether Defendant violated a clearly established constitutional right and whether Defendant substantially impaired Plaintiff's ability to practice his religion. (ECF No. 69.)

2

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States Dist. Ct. for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. However, without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether exceptional circumstances exist, the District Court must evaluate both the likelihood of success of the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. Id. (citations omitted).

In the present case, the Court does not find the required exceptional circumstances. At this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record and numerous filings in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

### IV. CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time to file an opposition to Defendant's summary judgment motion (ECF No. 98) is DENIED. Plaintiff is directed to file his opposition or statement of non-opposition within twenty-one **(21) days** of this order to file a reply;
2. Plaintiff's request for appointment of counsel (ECF No. 97) is DENIED.

IT IS SO ORDERED.

Dated:   June 29, 2016               /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE

3