UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL HARRIS,<br><br>        Plaintiff,<br><br>    v.<br><br>S. ESCAMILLA,<br><br>        Defendant. | Case No.  1:13-cv-01354-DAD-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSEs TO INTERROGATORY NO. 5**<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR SANCTIONS**<br><br>**(ECF No. 95)** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 28 U.S.C. § 1983. The case proceeds on Plaintiff's First Amendment free exercise of religion claim against Defendant Escamilla. (ECF No. 9.)

Before the Court is Plaintiff's June 3, 2016 motion to compel discovery.  (ECF No. 95.)  Defendant filed an opposition to Plaintiff's motion on June 29, 2016. (ECF No. 100.)  Plaintiff did not file a reply.   In hopes of the efficient resolution of this discovery issue, the Court held a telephonic discovery dispute conference ("TDDC") for July 8, 2016 at 11:00 am.

### I.   PROCEDURAL HISTORY

Plaintiff first filed a motion to compel discovery on September 14, 2015. (ECF No. 51.) On December 2, 2015, the Court denied Plaintiff's motion in part because Plaintiff failed to state which of Defendant's responses were inadequate and why. (ECF No. 56.) The Court did, however, extend the discovery deadline by fourteen days to allow Plaintiff an opportunity to file an amended motion to compel curing identified deficiencies. Id. Plaintiff filed an amended motion to compel on December 17, 2015. (ECF No. 61.)

On March 29, 2016, the Court granted in part and denied in part Plaintiff's amended motion to compel and directed Defendant to serve further responses to certain requests for admissions and interrogatories within fourteen days of the Court's order. (ECF No. 79.)[1]

On May 1, 2016, in accordance with the Court's order, Defendant served supplemental responses to Plaintiff's discovery requests. (ECF No. 95 at 14-15.) On June 3, 2016, Plaintiff filed another motion to compel, arguing Defendant had failed to fully comply with the Court's March 29, 2016 order directing him to provide a response to Interrogatory No. 5. (ECF No. 95.) Plaintiff also requested the Court impose sanctions on Defendant for failing to comply with the Court's order. Defendant filed an opposition to Plaintiff's motion to compel on June 29, 2016. (ECF No. 100.) Plaintiff has not filed a reply.

On July 8, 2016, the Court held the above-referenced TDDC. Plaintiff appeared pro se, and Deputy Attorney General Arthur Mark appeared on behalf of Defendant.

### II.   LEGAL STANDARD

The discovery process is subject to the overriding limitation of good faith. Asea, Inc. v. S. Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir.1981). Parties may obtain

---

[1]On May 4, 2016, Plaintiff filed a motion with the district judge to reconsider the portions of the Court's order denying his motion to compel. (ECF No. 92.) None of the discovery requests referenced in the motion for reconsideration are at issue in the instant motion to compel.

2

discovery regarding any non-privileged matter that is relevant to any party's claim or defense, and for good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action.  Fed. R. Civ. P. 26(b)(1).  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  Id.

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified.  E.g., Grabek v. Dickinson, No. CIV S-10-2892 GGH P., 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS (PC), 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).  This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious.  Grabek, 2012 WL 113799, at *1; Womack v. Virga, No. CIV S-11-1030 MCE EFB P., 2011 WL 6703958, at *3 (E.D. Cal. Dec. 21, 2011).

The court must limit discovery if the burden of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C)(iii).  "In each instance, the determination whether . . . information is discoverable because it is relevant to the claims or defenses depends on the circumstances of the pending action."  Fed. R. Civ. P. 26 Advisory Committee's Note (2000 Amendment) (Gap Report) (Subdivision (b)(1)).

III.  **DISCUSSION**

Plaintiff's motion to compel stems from Defendant's alleged failure to fully respond to Plaintiff's Interrogatory No. 5, Set One, which reads:

**"Have you ever been found guilty of misconduct of any kind?" (ECF No. 51 at 62.)**

A.  **Background**

Plaintiff first propounded this request on Defendant sometime between May and June, 2015. On June 22, 2015, Defendant responded as follows:

3

1

2    Defendant objects to this interrogatory on the grounds that it is vague and

3    ambiguous as to the terms "misconduct of any kind" and "found guilty."
     Defendant is also unsure what information Plaintiff is seeking with this request . .

4    . . To the extent Plaintiff is seeking information contained in Defendant's
     personnel records, Defendant also objects on the grounds that personnel records

5    are subject to the qualified privilege of official information and federal common
     law privilege. Pursuant to *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34

6    (9th Cir. 1991), such broad requests are generally not allowed on federal
     common law grounds. The confidential nature of employee personnel files

7    prohibits the opening of such filed to a plaintiff for a general search which could
     reach well beyond the legitimate inquiries necessary. *Id.* Personnel files are also

8    protected by the privacy rights of staff, including federal common-law, the
     California Constitution, and applicable California statutes such as Penal Code

9    sections 832.7, 832.8, Government Code section 6254, and Civil Code sections

10   1798.24 and 1798.40 and California Code of Regulations Title 15 §3400.
     Defendant also objects on the grounds of safety and security and the privacy of

11   other inmates. Plaintiff is not permitted to have access to the grievances or
     complaints filed by other inmates. Cal. Code. Regs. Tit. 15, §3370. Subject to

12   and without waiving the foregoing objections, Defendant responds that he has

13   never been charged with or "found guilty" of any criminal "misconduct." (ECF No.
     51 at 62.)

14

15       In granting Plaintiff's motion to compel a response to this interrogatory, the Court

16   rejected Defendant's assertion that "guilty" referred to only criminal misconduct. (ECF

17   No. 79 at 15.) It read Plaintiff's request as having clearly sought evidence of prior

18   misconduct, criminal or otherwise. The Court also found Defendant could comply with

19   Plaintiff's request without disclosing confidential documents and personnel files.

20   Sanchez v. City of Santa Ana, 936 F.2d 1027 (9th Cir. 1990) (noting where Plaintiff

21   sought disclosure of confidential personnel records, "[m]ost of the relevant information .

22   . . could have been developed by interrogatories."); Hamilton v. Quinonez, 1:14-cv-

23   1216, 2015 WL 3660138, at *3 (E.D. Cal. June 10, 2015) ("While Cal. Code Regs. Tit.

24   15 § 3370(b) may prevent Defendants from producing documents from another inmate's

25   central file absent a court order, it does not prevent Defendants from responding to an

26   interrogatory on the same issues." ) (ECF No. 79 at 16-17).

27

28

Acknowledging that nearly 5000 inmate appeals are filed each year at CSP-Corcoran and that only appeals classified as "staff complaints" are searchable by staff member name, the Court ordered Defendant make a reasonable inquiry into evidence of prior misconduct by at least searching staff complaints cross-referenced with Defendant's name for instances of misconduct and then setting forth what he did not search and why.  (ECF No. 79 at 18.) The Court ordered Defendant to provide further responses with fourteen days. Id.

**B.    Defendant's Supplemental Response**

Pursuant to the Court's order, Defendant provided the following supplemental response to Interrogatory No. 5:

> Defendant does not recall, and does not recall being advised of, any staff complaints that were submitted regarding him that resulted in finding him "guilty" of violating CDCR policy or regulations.  In addition, after a diligent search of available information and documents conducted on his behalf, Defendant is informed and believes that there are no staff complaints against him that resulted in a finding that he violated CDCR policy or regulations.
>
> With respect to his work record, the two corrective counselings (sic) Defendant received do not amount to a finding of "guilt" because the CDCR Operations Manual classifies corrective action as non-punitive in nature, and the purpose of such corrective action is to assist an employee in improving his work performance.  Finally, in his 23 year career with CDCR, Defendant has never been the subject of any adverse action by CDCR. (ECF No. 95 at 14-15.)

Defendant's supplemental response to Plaintiff also included the May 11, 2016 Declaration of D. Goree, CSP-Corcoran Appeals Coordinator, who affirms:

> 1) S/he conducted a search for staff complaints relating to Officer Escamilla through the Inmate Appeals Tracking System, an electronic database maintained by CSP-Corcoran tracking staff complaints made from 2005 forward;
> 2) S/he found no staff complaints finding Escamilla violated any CDCR policy or regulations;
> 3) S/he also reviewed records available at CSP-Corcoran pertaining to staff complaints against Escamilla dating from 2010 forward, and found that none

of the staff complaints lodged against Escamilla resulted in a finding that he violated CDCR policy of regulations;  and

4) S/he affirms that until May 9, 2016, staff complaints were only retained for five years, per CDCR policy. (ECF No. 95 at 16.)

## C.    Plaintiff's Instant Motion to Compel

Plaintiff now argues Defendant's responses are inadequate. According to Plaintiff, Defendant was required to search both staff complaints and 602s generally; Defendant's supplemental response referenced only staff complaints and not general 602s. (ECF No. 95 at 2.)   Plaintiff also points out Defendant admitted to having two "corrective counselings" (sic) which, to Plaintiff, implies Defendant committed some sort of misconduct.   Id. Finally, Plaintiff maintains he asked for evidence of all misconduct, not only that which resulted in punishment.   Id.

Plaintiff seeks all 602s or other documents detailing Defendant's past instances of misconduct, including records of Defendant's prior corrective counseling, whether or not Defendant was ultimately found culpable. Plaintiff further asks for sanctions to be imposed on Defendant for not providing such information. Id.

## D.    Defendant's Objections to the Instant Motion to Compel

Defendant argues he has already supplied a complete supplemental response to Interrogatory No. 5. The Declaration of A. Pacillas confirms that only 602s classified as staff complaints are searchable by staff members' name. (ECF No. 100 at 2.) Defendant further argues that the Court required only that Defendant search  staff complaints for references to Defendant, and did not order Defendant to turn over "602s and documents." Id.

## E.    Telephonic Discovery Dispute Conference

During the TDDC, Plaintiff contended that the Court's order obligated Defendant to search all 602's involving Defendant and turn over all such documents relating to Defendant.

Defendant responded that CSP-Corcoran processes upwards of 5000 602s every year.  Only those 602s classified as staff complaints (which have been searched

in this case) are searchable by staff member name.  It is wholly impractical to search every single 602 for references to Defendant.  The search conducted would have identified all staff complaints against Defendant producing a finding of culpability or resulting in corrective action.

### F.   Analysis

Plaintiff's motion to compel a further response to Interrogatory No. 5 will be denied.

The Court's March 29, 2016 order required Defendant to conduct a reasonable search and identify records of culpability for misconduct on Defendant's part, and to state what records had not been searched and why.  (ECF No. 79.)  Defendant has done precisely that.  Nowhere in the Court's order was Defendant directed to turn over any documents to Plaintiff.  Id.  Plaintiff's request for the production of documents will therefore be denied.

Furthermore, Plaintiff's interrogatory was limited to actions that resulted in a finding that Defendant had somehow been found to have engaged in conduct that was improper. Defendant's responses show that he has searched such sources as are reasonably available and searchable and identified nothing called for by the request. The interrogatory asks for nothing more.  As Defendant explained during the TDDC, if a 602 classified as a "staff complaint" led to some action being taken against Defendant, the search conducted would have identified it.

Reading through each and every 602 filed in the past five years to see if any referred to Defendant would have required a mammoth undertaking and not been productive of anything requested or anything of likely probative value.  At most, it may have identified other prisoner complaints against Defendant, not findings of culpability. Mere complaints are not what the interrogatory or the Court's interim order called for. Indeed, evidence of mere allegations of misconduct would not likely be admissible since evidence relating to them would necessitate a minor trial of each such complaint to

determine its relevancy.   <u>See</u> Fed. R. Evid. 404. Plaintiff's request that Defendant conduct a further search of all 602s for evidence of allegations of misconduct will be denied as well.

Plaintiff's request for Defendant's corrective counseling record also will be denied. Defendant represents that corrective counseling is non-punitive. Such counseling records are not called for by Plaintiff's interrogatory.

## IV.   REQUEST FOR SANCTIONS

As the Court has denied Plaintiff's motion, it will not impose sanctions against Defendant.

## V.   CONCLUSION AND ORDER

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1.  Plaintiff's motion to compel (ECF No. 95) is DENIED in full; and

2.  Plaintiff's request for sanctions (ECF No. 95) is DENIED.


IT IS SO ORDERED.


Dated:   July 16, 2016                    /s/ *Michael J. Seng*

                                  UNITED STATES MAGISTRATE JUDGE