UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL HARRIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>S. ESCAMILLA, et al.,<br><br>　　　　　Defendants. | No. 1:13-cv-01354-DAD-MJS<br><br>ORDER DENYING REQUEST FOR RECONSIDERATION<br><br>(Doc. No. 92) |

　　　　Plaintiff is prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On December 17, 2015, plaintiff filed an amended motion to compel discovery. (Doc. No. 61.) On March 29, 2016, the assigned magistrate judge granted in part and denied in part plaintiff's motion to compel. (Doc. No. 79.) Before the court is a document captioned "Objection (In Part) to Magistrates Judges [sic] Order Granting in Part And Denying in Part - Plaintiff's motion to compel Defendant to Answer Admissions and interrogatories," filed by plaintiff on May 4, 2016. (Doc. No. 92.) The undersigned construes this document as a request for reconsideration of the magistrate judge's March 29, 2016 order, made pursuant to Federal Rule of Civil Procedure 72(a).

　　　　Federal Rule of Civil Procedure 72(a) provides that non-dispositive pretrial matters may be referred to and decided by a magistrate judge, subject to review by the assigned district judge. *See also* Local Rule 303(c). The district judge shall modify or set aside any part of the magistrate

1

judge's order which is "found to be clearly erroneous or contrary to law." Local Rule 303(f). *See also* 28 U.S.C. § 636(b)(1)(A). Discovery motions are non-dispositive pretrial motions which come within the scope of Rule 72(a) and 28 U.S.C. § 636(b)(1)(A), and thus the orders of a magistrate judge addressing such motions are subject to the "clearly erroneous or contrary to law" standard of review. *Rockwell Intern., Inc. v. Pos-A-Traction Indus., Inc.*, 712 F.2d 1324, 1325 (9th Cir. 1983). The magistrate judge's factual determinations are reviewed for clear error, and the magistrate judge's legal conclusions are reviewed to determine whether they are contrary to law. *United States v. McConney*, 728 F.2d 1195, 1200–01 (9th Cir. 1984), *overruled on other grounds by Estate of Merchant v. CIR*, 947 F.2d 1390 (9th Cir. 1991). "A magistrate judge's decision is 'contrary to law' if it applies an incorrect legal standard, fails to consider an element of applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Martin v. Loadholt*, No. 1:10-cv-00156-LJO-MJS, 2014 WL 3563312, at *1 (E.D. Cal. July 18, 2014) (internal quotations and citations omitted).

Plaintiff seeks reconsideration of the portions of the Magistrate Judge's order that denied his motion to compel certain responses to his requests for admission and interrogatories. Specifically, he seeks reconsideration of the Magistrate Judge's denial of the following requests for admission and interrogatories:

> (1)   On or about 1-28-13, Did you conduct a cell search of 3c03-116L Inmate barnes (sic) CDCR No. F-21747 and throw his Quran on the Floor and step on it and kick it under the bunk.
>
> (2)   Did Inmate Barnes CDCR No. F-21747 3co3-116 make alligations (sic) of Desecration of his Quran by you in 2013 (List 602 or Log No.)
>
> (3)   Did R. Tellez CDCR No F-83298 3co3 138 up 602 Ms. Barron, and S. Escamilla for Refusal to Allow him to move and incitement to violence in 2013 provide 602 and results or their log No.

(Doc. No. 92 at 2–3.) The magistrate judge denied plaintiff's motion on the grounds that, for each of these requests, defendants had already supplied plaintiff a complete response, albeit not the response plaintiff hoped to receive. (Doc. No. 79.)

/////

1       Plaintiff now argues defendants should be made to turn over personnel files, internal investigation reports, and other documents that would reveal the falsity of defendants' proffered responses, as well as show a general course of wrongful conduct on defendants' part. Plaintiff has essentially reiterated his argument from his original motion to compel: he does not believe defendants have told the truth. Plaintiff, however, was advised in the magistrate judge's order that "[m]ere distrust and suspicion regarding discovery responses do *not* form a legitimate basis to further challenge responses which are facially legally sufficient; and Plaintiff is entitled neither to continue demanding additional and/or different evidence in support of discovery responses already provided." (Doc. No. 79 at 8) (quoting *Scott v. Palmer*, 1:09-cv-01329, 2014 WL 6685810, at *3 (E.D. Cal. Nov. 26, 2014). Plaintiff was further advised that his request for the documents he now seeks was untimely, overbroad, and lacked good cause. (Doc. No. 79 at 21.) Plaintiff's objections do not demonstrate the magistrate judge's discovery order was clearly erroneous or contrary to law. Accordingly, plaintiff's request for reconsideration (Doc. No. 92) is denied.

IT IS SO ORDERED.

Dated:   **July 21, 2016**                            _/s/ Dale A. Drozd_
                                                              UNITED STATES DISTRICT JUDGE