UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL HARRIS,<br><br>    Plaintiff,<br><br>    v.<br><br>S. ESCAMILLA, et al.,<br><br>    Defendants. | No.  1:13-cv-01354-DAD-MJS (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br>(Doc. Nos. 44, 64) |

　　　　Plaintiff is a state prisoner proceeding pro se in this civil rights action brought pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On January 25, 2016, the assigned magistrate judge issued findings and recommendations recommending that defendant Escamilla's motion for partial summary judgment with respect to plaintiff's Equal Protection claim be granted because plaintiff had failed to exhaust his administrative remedies prior to filing suit as required. (Doc. No. 64.)  Plaintiff has filed his objections to those findings and recommendations, and defendant has filed a reply.  (Doc. Nos. 80, 85.)

/////

1         In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the
2  court has conducted a de novo review of this case.  Having carefully reviewed the entire file, the
3  court finds the findings and recommendations to be supported by the record and by proper
4  analysis.

5         Plaintiff advances two arguments in his objections to the findings and recommendations,
6  both of which are unavailing. (Doc. No. 80.)  First, plaintiff argues that he exhausted his
7  administrative remedies with respect to his Equal Protection claims because the inmate
8  grievances that he filed were sufficient to put prison officials on notice of his Equal Protection
9  claim. (Id. at 13–14.)  Plaintiff's federal Equal Protection claim as presented in his pending
10 complaint is based entirely on an allegedly derogatory statements made by defendant Escamilla.
11 (Doc. No. 10 at 6.  However, the inmate grievance plaintiff relies upon in claiming exhaustion do
12 not mention or allude to these statements in any way.  Accordingly, plaintiff's inmate grievance
13 did not sufficiently provide notice to prison officials of the issues underlying the Equal
14 Protection claim he is now attempting to litigate. *See Shabazz v. Giurbino*, No. 1:11-cv-01558-
15 LJO-SAB (PC), 2015 WL 6706845, at *6 (E.D. Cal. Nov. 3, 2015) (finding that plaintiff had not
16 exhausted administrative remedies when he attempted to raise federal causes of action based on
17 incidents not described in his inmate grievances); *cf. Coleman v. California Dept. of Corrections*
18 *and Rehabilitation*, No. 2:13-cv-1021 JAM KJM P, 2015 WL 4478156, at *15 (E.D. Cal. July
19 22, 2015) (finding that plaintiff's inmate grievance describing "a race-based lockdown end"
20 sufficiently placed prison officials on notice of plaintiff's equal protection claim related to
21 modified programming).

22        Second, plaintiff argues that, even if he did not exhaust his administrative remedies prior
23 to filing suit, such remedies were effectively unavailable to him because he feared retaliation
24 against himself and his cellmate. (Id. at 6, 18)  Plaintiff particularly disputes the magistrate
25 judge's finding that any alleged fear of retaliation is undermined by "the fact that he filed two
26 grievances complaining of Defendant's conduct within a six month period," (Id. at 8), arguing
27 that his willingness to file inmate grievances despite fear of reprisal should not count against
28 him. (Id. at 6.)  Plaintiff is correct that a prisoner's willingness to file other inmate grievances is

not dispositive as to whether the grievance system was effectively available to the prisoner with respect to the subject grievance.  *See Kaba v. Stepp,* 458 F.3d 678, 684 (9th Cir. 2006) (the fact that a prisoner filed other appeals when he alleges fear of retaliation if he pursued the subject appeal is not, ipso facto, dispositive whether the grievance system was effectively available on the subject grievance)*;  Barron v. Alcaraz*, No. 2:11-cv-2678 JAM AC P, 2015 WL 1013575, at *9 (E.D. Cal. March 6, 2015); *see generally McBride v. Lopez*, 807 F.3d 982, 988 (9th Cir. 2015) (finding that, to excuse a failure to exhaust administrative remedies on the basis of plaintiff's fear of retaliation, the court must find both a subjective and an objective threat of retaliation). However, here plaintiff has come forward with no evidence suggesting an objective threat of retaliation in his case, as required to trigger the exception to the PLRA's exhaustion requirement. *See McBride*, 807 F.3d at 988 (noting that an objective threat of retaliation exists if there is "some basis in the record" that "a reasonable prisoner of ordinary firmness would have understood the prison official's actions to threaten retaliation if the prisoner chose to utilize the prison's grievance system").  Thus, plaintiff was required to exhaust administrative remedies.

Accordingly, for the reasons set forth above:

1. The January 25, 2016, findings and recommendations (Doc. No. 64) are adopted in full;
2. Defendant's July 1, 2015, motion for partial summary judgment (Doc. No. 44) is granted;
3. Plaintiff's Equal Protection claim is dismissed for failure to exhaust administrative remedies; and
4. This action shall proceed only on plaintiff's First Amendment Free Exercise claim.

IT IS SO ORDERED.

Dated:  **July 29, 2016**

UNITED STATES DISTRICT JUDGE