UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL HARRIS,<br><br>    Plaintiff,<br><br>v.<br><br>S. ESCAMILLA,<br><br>    Defendant. | Case No.  1:13-cv-1354-DAD-MJS (PC)<br><br>**ORDER GRANTING NUNC PRO TUNC PLAINTIFF'S MOTION TO EXTEND TIME TO RESPOND TO DEFENDANT'S MOTION TO STRIKE EVIDENCE**<br><br>**(ECF No. 113)**<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE SURREPLIES**<br><br>**(ECF No. 125)**<br><br>**CLERK TO STRIKE ECF NO. 123** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The case proceeds on Plaintiff's October 31, 2013, first amended complaint ("FAC") against Defendant Escamilla for violating Plaintiff's First Amendment right to the free exercise of his religion. (ECF No. 9.)

I. **Relevant Procedural History**

On February 8, 2016, Defendant filed a motion for summary judgment. (ECF No. 69.) On July 18, 2016, Plaintiff filed a 151 page opposition to Defendant's motion. (ECF No. 107.) Plaintiff's opposition contained numerous supporting documents and affidavits. On July 26, 2016, Defendant filed his reply. (ECF No. 109.) The matter was

deemed submitted pursuant to Local Rule 230(*l*), and on September 22, 2016, the undersigned issued findings and recommendations to grant Defendant's motion for summary judgment. (ECF No. 120.) Those findings and recommendations are currently pending before the District Judge assigned to the case.

Within his reply, Defendant filed a motion seeking to strike several pieces of evidence submitted by Plaintiff in support of his opposition. (ECF No. 109-3.) In issuing its findings and recommendations, the Court recommended denying Defendant's motion to strike, and instead considered the documents it deemed relevant while disregarding the rest. (ECF No. 120 at 2.)

However, Plaintiff ultimately sought an extension of time in which to file a response to Defendant's motion to strike (ECF No. 113), and on September 22, 2016, filed his "Reply to Defendant's Objections and Motion to Strike Evidence." (ECF No. 124.) That same day, Plaintiff also filed his "Objections to Defendant's Slanderous Statements Made in His Reply to Plaintiff's Opposition." (ECF No. 123.) On October 4, 2016, Defendant filed a motion to strike ECF Nos. 123 & 124 as unauthorized surreplies. (ECF No. 125.) On November 3, 2016, Plaintiff filed an opposition. (ECF No. 134.) Defendant did not file a reply and the time to do so has passed. The matters are submitted. Local Rule 230(*l*).

**II.    Plaintiff's Allegations**

At the time of the events underlying this action, Plaintiff was incarcerated at California State Prison ("CSP-Corcoran") in Corcoran, California.

The following factual allegations are taken from Plaintiff's FAC: Plaintiff is a practicing Muslim. On January 14, 2013, Defendant and his partner, Officer Sanchez, searched Plaintiff's cell while Plaintiff was not present, however Plaintiff's cellmate, inmate Rudy Tellez, was present. During the search, Defendant picked up Plaintiff's Quran, removed it from its cloth cover, and dropped it on the ground, stepped on it, and kicked it under Plaintiff's bunk. According to Plaintiff, this rendered the Quran unusable.

The following facts, taken from Defendant's summary judgment motion, are

undisputed: Plaintiff attempted to obtain a new Quran from the prison chapel the day after the search, but was denied access by an unidentified officer. He was again unable to enter the chapel a few days later because the prison was on lockdown. Plaintiff did not obtain a new Quran until ten days after the cell search. At no point during those ten days did Plaintiff's request a replacement Quran from prison staff.

### III.     Defendant's Motion to Strike Surreplies

Defendant moves to strike ECF Nos. 123 and 124 because they were filed without Plaintiff first seeking the Court's leave. Defendant does not address the content of either filing.

Defendant is correct that parties do not have the right to file surreplies, and motions are deemed submitted when the time to reply has expired.  Local Rule 230(*l*). Courts allow surreplies "only where a valid reason for such additional briefing exists." See Hill v. England, No. CVF05869 REC TAG, 2005 WL 3031136, at *1 (E.D. Cal. 2005).

#### A.     Objections to Defendant's Slanderous Statements

The Court agrees that Plaintiff's "Objections to Defendant's Slanderous Statements" (ECF No. 123) constitutes an unauthorized surreply and should be stricken from the record. Therein, Plaintiff merely restates and reiterates his version of the facts underlying this case, while addressing no new arguments raised by Defendant. Defendant's motion to strike as to ECF No.123 will be granted.

#### B.     Reply to Motion to Strike

However, Plaintiff's "Reply to Defendant's Objections and Motion to Strike Evidence in Plaintiff's Opposition" (ECF No. 124) properly addresses new arguments raised by Defendant in his reply, to wit, a motion to strike evidence Plaintiff submitted with his opposition. As Plaintiff is entitled to be heard on this issue, there exists a "valid reason" for additional briefing. Hill, 2005 WL 3031136, at *1. Therefore, Defendant's motion to strike as to ECF No. 124 will be denied. The document will remain of record and available to any and all reviewing Courts. Its content has been considered by the

undersigned and found to be of no consequence in the consideration and grant of Defendant's motion for summary judgment.

**IV.     Extension of Time to File Surreply**

Good cause having been shown for Plaintiff's surreply (ECF No. 124), Plaintiff's motion for an extension of time in which to file it (ECF No. 113) is granted. The Court finds it to have been timely filed.

**V.     Conclusion**

Based on the foregoing, it is hereby ordered:

1. Defendant's motion to strike Plaintiff's surreplies (ECF No. 125) is GRANTED in part and DENIED in part, consistent with this order;
2. The Clerk of Court shall STRIKE ECF No. 123 from the record; and
3. Plaintiff's motion for an extension of time in which to file a response to Defendant's motion to strike Plaintiff's evidence (ECF No. 113) is GRANTED, nunc pro tunc to August 2, 2016.

IT IS SO ORDERED.

Dated:   December 11, 2016              /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE