UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL HARRIS,<br><br>    Plaintiff,<br><br>v.<br><br>S. ESCAMILLA,<br><br>    Defendant. | Case No. 1:13-cv-1354-DAD-MJS (PC)<br><br>**ORDER:**<br>  **(1) DENYING PLAINTIFF'S MOTION TO SUPPLEMENT OPPOSITION TO SUMMARY JUDGEMENT MOTION**<br>  **(2) DENYING PLAINTIFF'S MOTION FOR A COURT ORDER FACILITATING WITNESS COMMUNICATION**<br>  **(3) DENYING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTIONS**<br><br>**(ECF Nos. 121, 122, & 132)** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The case proceeds on Plaintiff's October 31, 2013, first amended complaint ("FAC") against Defendant Escamilla for violating Plaintiff's First Amendment right to the free exercise of his religion. (ECF No. 9.)

**I.   Procedural History**

On February 8, 2016, Defendant filed a motion for summary judgment. (ECF No.

69.) On July 18, 2016, after five months of extensions and delays, Plaintiff filed a 151-page opposition to Defendant's motion. (ECF No. 107.) On July 26, 2016, Defendant filed his reply. (ECF No. 109.) The matter was deemed submitted pursuant to Local Rule 230(*l*), and on September 22, 2016, the undersigned issued findings and recommendations to grant Defendant's motion for summary judgment. (ECF No. 120.) Those findings and recommendations are currently pending before the District Judge assigned to the case.

On September 22, 2016, the same day that the findings and recommendations were issued, Plaintiff filed the following two motions, now pending before the Court:

1. A motion for leave to supplement his opposition to Defendant's summary judgement motion (ECF No. 121); and
2. A motion for a court order facilitating communication with incarcerated witnesses (ECF No. 122).

Defendant opposed both of those motions. (ECF No. 127.) On October 24, 2016, Plaintiff filed a motion for an extension of time to reply to Defendant's opposition. (ECF No. 132) That motion is also pending before the Court. Plaintiff's reply was filed on November 10, 2016. (ECF No. 135.) The matters are submitted pursuant to Local Rule 230(*l*).

## II.     Plaintiff's Allegations

At the time of the events underlying this action, Plaintiff was incarcerated at California State Prison ("CSP-Corcoran") in Corcoran, California.

The following factual allegations are taken from Plaintiff's FAC: Plaintiff is a practicing Muslim. On January 14, 2013, Defendant and his partner, Officer Sanchez, searched Plaintiff's cell while Plaintiff was not present, however Plaintiff's cellmate, inmate Rudy Tellez, was present. During the search, Defendant picked up Plaintiff's Quran, removed it from its cloth cover, and dropped it on the ground, stepped on it, and kicked it under Plaintiff's bunk. According to Plaintiff, this rendered the Quran unusable.

The following facts, taken from Defendant's summary judgment motion, are

undisputed: Plaintiff attempted to obtain a new Quran from the prison chapel the day after the search, but was denied access by an unidentified officer. He was again unable to enter the chapel a few days later because the prison was on lockdown. Plaintiff did not obtain a new Quran until ten days after the cell search. At no point during those ten days did Plaintiff's request a replacement Quran from prison staff.

### III.     Motion to File Supplemental Opposition

Plaintiff seeks leave to supplement[1] his opposition to add what he describes as "newly discovered evidence" in the form of recently obtained affidavits from three inmate witnesses: Larry Banks, Arthur Weeks, and Robert Cisneros. (Pl.'s Mot. to Suppl. Opp'n (ECF No. 121) Exs. B, C, & D.) The affidavits attest to, inter alia, Defendant's hatred of Muslims, his habitual disrespectful treatment of inmates' property, and his actions during the cell search. (Id.)

Defendant construes Plaintiff's motion as a motion for reconsideration of the Court's ruling, and argues that the motion should be denied because Plaintiff has not presented any grounds for reversing the Court's decision. See Local Rule 230(j) ("Whenever any motion has been granted or denied in whole or in part, and a subsequent motion for reconsideration is made upon the same or any alleged different set of facts, [a party] counsel shall present . . . what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion.") Defendant further argues that Plaintiff's proposed supplement would have no effect on the summary judgment motion, since the affidavits merely proffer inadmissible character evidence, and in any case, fail to demonstrate that Defendant substantially burdened Plaintiff's religious exercise in violation of the First Amendment.

The Court declines to construe Plaintiff's motion as seeking reconsideration of the Court's ruling since Plaintiff's motion does not address the Court's ruling. Instead, the Court construes Plaintiff's motion as seeking to supplement his opposition for good

---

[1] Plaintiff brings his motion pursuant to Federal Rule of Civil Procedure 15(a), which sets forth the requirements for amending pleadings. As Plaintiff does not seek to amend his pleading, Rule 15(a) does not apply.

3

cause.

Neither the Federal Rules of Civil Procedure nor the Local Rules allow for supplemental filings after a motion is fully briefed. See Dell'Antonia v. California, No. 1:00-cv-06602-LJO-SMS PC, 2007 WL 810096, at *1 (E.D. Cal. Mar. 15, 2007). However, Courts have permitted such additions upon a showing of good cause. See Seed Lighting Design Co., Ltd. v. Home Depot, No. C 04-2291 SBA, 2005 WL 1868152, at *10 (N.D. Cal. Aug. 3, 2005).

Plaintiff has not shown good cause here. Even if found relevant and otherwise admissible, the proffered evidence adds nothing to the facts assumed by the Court to be true in evaluating and nevertheless deciding to grant the motion for summary judgment. On such a motion, all facts are taken in the light most favorable to the non-moving party. Lujan v. National Wildlife Federation, 497 U.S. 871, 888 (1990). Plaintiff already presented evidence which, if true, shows that Defendant stepped on and kicked Plaintiff's Quran. The additional affidavits add nothing to that point. Plaintiff's motion to supplement his opposition with additional evidence will therefore be denied.

**IV.   Motion to Facilitate Communication With Incarcerated Witnesses**

Plaintiff renews and supplements his request first made in his motion for an Order Staying the Proceedings to Reopen Discovery and Mandating Defendant to Facilitate Communication with Witnesses. (ECF No. 78.) He asks that the Court direct CDCR to facilitate communication with various inmate witnesses incarcerated at other institutions. The Court previously declined to consider Plaintiff's request for an order facilitating communication with witnesses since Plaintiff advised that he had received permission from authorities at his prison to correspond with the witnesses directly. (Order Den. Pl.'s Req. to Stay Proceedings (ECF No. 96) at 10.) Plaintiff now advises that he has not, however, received approval from several of the witnesses' institutions to correspond with them. (Mot. to Facilitate Witness Comm. (ECF No. 122) at 2, 13.) He seeks an order directing CDCR to allow Plaintiff to access those witnesses.

Federal courts are courts of limited jurisdiction. The pendency of this action does

not give the Court jurisdiction over prison officials in general or over relief requested that is not the subject of the operative complaint. Summers v. Earth Island Institute, 555 U.S. 488, 492-93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the cognizable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491-93; Mayfield, 599 F.3d at 969. The CDCR is not a defendant in this case and the Court lacks jurisdiction to direct its actions. Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985). The Court lacks personal jurisdiction over the officials of CDCR generally and the requested relief is not of the same character as that requested in Plaintiff's complaint.

In any event, the Court previously advised Plaintiff that proffered testimony from other witnesses would have no bearing on the summary judgment motion. (Order Den. Pl.'s Req. to Stay Proceedings at 11) ("From Plaintiff's proffers, the proposed additional witnesses will do no more than corroborate Plaintiff's claims as to what Defendant did."))

**V.     Motion for an Extension of Time**

Defendant's opposition to Plaintiff's Motion to Supplement was filed on October 11, 2016. (ECF No. 127.)  Under Local Rule 230(*l*), Plaintiff's reply was due seven days later. On October 24, 2016, Plaintiff requested an extension until November 20, 2016 to file his reply, blaming the complexity of the legal theories at issue and his lack of time to prepare.  (ECF No. 132.) On November 10, 2016, Plaintiff filed his reply. (ECF No. 135.)

Plaintiff has repeatedly been admonished that his status as a pro se litigant does not divest him of his responsibility to adhere to deadlines, and that the onus rests on him alone to manage his time and his multiple filings. Plaintiff's motion for an extension will be denied. Nonetheless, the Court has considered the arguments set forth in his reply and found them to be without merit.

**VI.    Conclusion**

Based on the foregoing, it is HEREBY ORDERED THAT:

1. Plaintiff's Motion to Supplement his Opposition to Summary Judgement (ECF No. 121) is DENIED;

2. Plaintiff's Motion for a Court Order Facilitating Witness Communication (ECF No. 122) is DENIED; and

3. Plaintiff's Motion for an Extension of Time to Reply to Defendant's Opposition to Plaintiff's Motion to Supplement (ECF No. 127) is DENIED.

IT IS SO ORDERED.

Dated:   December 11, 2016         /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE