UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL HARRIS,<br><br> Plaintiff,<br><br>v.<br><br>S. ESCAMILLA,<br><br> Defendant. | Case No. 1:13-cv-1354-DAD-MJS (PC)<br><br>**ORDER DENYING, WITHOUT PREJUDICE, MOTION TO STAY PROCEEDINGS**<br><br>**(ECF No. 151)**<br><br>**FOURTEEN DAY DEADLINE TO FILE OPPOSITION TO DEFENDANT'S REQUEST FOR COSTS**<br><br>**ORDER DENYING MOTION FOR TRANSCRIPTS**<br><br>**(ECF No. 152)** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. On January 19, 2017, the case was dismissed and judgment was entered the same day. (ECF Nos. 145 & 146.) On January 31, 2017, Defendant filed a Bill of Costs with the Court, seeking $1,189.95 for the cost of printed and electronically recorded transcripts. (ECF No. 147.) On February 1, 2017, Plaintiff filed a notice of appeal to the Ninth Circuit. (ECF No. 148.) On February 13, 2017, Plaintiff filed a motion to stay the proceedings pending appeal, asking that the

Court refrain from taxing costs against Plaintiff while his appeal was still pending. (ECF No. 151.) On February 27, 2017, Plaintiff filed a motion requesting that the Court provide him transcripts of the July 8, 2016 telephonic discovery hearing at the Government's expense. (ECF No. 152.) Defendant has not opposed either motion and the time to do so has passed. They are submitted. Local Rule 230(*l*).

## I.     Motion to Stay

Plaintiff moves pursuant to Fed. R. Civ. P. 62(b)(1) and 28 U.S.C. §§ 1292(D)(4)(A) and (B)[1] to stay these proceedings pending the outcome of his appeal. Specifically, he appears to ask that costs not be taxed against him before his appeal is resolved, and indicates that he "has every intention" of opposing the award of costs to Defendant.

Rule 54 of the Federal Rules of Civil Procedure states: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." There is a presumption in favor of awarding costs to the prevailing party, and a District Court following the presumption need not specify its reasons for doing so. Save Our Valley v. Sound Transit, 335 F.3d 932, 944-45 (9th Cir. 2003). However, the Court may elect not to award costs where the party is indigent or where other compelling circumstances exist. Escriba v. Foster Poultry Farms, Inc., 743 F.3d 1236, 1247-48 (9th Cir. 2014). The Court can also stay the taxing of costs pending the resolution of an appeal, provided there is no undue prejudice to Defendant. See Redwind v. Western Union, LLC, 3:14-cv-01699-AC, 2017 WL 1025184, at *6 (D. Or. Mar. 16, 2017)

At present, no costs have been taxed to Plaintiff, therefore there is nothing to stay. Plaintiff's motion is premature and will be denied on that basis. To the extent Plaintiff wishes to contest Defendant's request for costs, he may file a motion to that

---

[1] Rule 62(b)(1) reads: "On appropriate terms for opposing party's security, the court may stay the execution of a judgment—or any proceedings to enforce it—pending disposition of [a motion] under Rule 50, for judgment as a matter of law." No such motion is currently pending, thus Rule 62(b)(1) does not apply. Section 1292 deals with the jurisdictional reach of the Court of Appeals, and is also inapplicable here.

effect within fourteen days of this order and set forth therein his reasons.

## II. Motion for Transcripts

Plaintiff seeks transcripts of the July 8, 2016 telephonic discovery dispute conference. However, as the parties were advised at the time, this informal conference took place in chambers and off the record. No transcript of the conference exists. (See ECF No. 105.) Plaintiff's request for transcripts is denied as moot.

## III. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED:

1. Plaintiff's motion to stay the proceedings (ECF No. 151) is DENIED without prejudice;
2. Plaintiff may file a motion in opposition to Defendant's request for costs within **fourteen days** of this order;
3. Failure to file said motion or otherwise respond will result in the taxing of costs against Plaintiff in the amount requested by Defendant; and
4. Plaintiff's motion for transcripts (ECF No. 152) is DENIED.

IT IS SO ORDERED.

Dated: May 11, 2017 /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE