UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL HARRIS,<br><br>    Plaintiff,<br><br>    v.<br><br>S. ESCAMILLA,<br><br>    Defendant. | Case No. 1:13-cv-1354-DAD-MJS (PC)<br><br>**ORDER GRANTING IN PART DEFENDANT'S REQUEST FOR COSTS**<br><br>**(ECF No. 147)**<br><br>**CLERK TO TAX COSTS IN THE AMOUNT OF $500.00 AGAINST PLAINTIFF** |

**I.     Procedural History**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983.

On January 19, 2017, this case was dismissed and judgment was entered in favor of Defendant Escamilla. (ECF Nos. 145 & 146.) On January 31, 2017, Defendant filed a Bill of Costs seeking to recover $1,189.95, the cost of Plaintiff's deposition transcript. (ECF No. 147.) On May 12, 2017, the Court granted Plaintiff fourteen days to file objections to Defendant's request for costs. (ECF No. 153) and on June 2, 2017, gave him an additional 21 days. (ECF No 158.)  Plaintiff filed his opposition on June 7, 2017. (ECF No. 159.) On June 12, 2017, Defendant filed a reply. (ECF No. 160.)

## II.     Legal Standard

Rule 54(d) of the Federal Rules of Civil Procedure states: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." There is a presumption in favor of awarding costs to the prevailing party, and a District Court following the presumption need not specify its reasons for doing so. Save Our Valley v. Sound Transit, 335 F.3d 932, 944-45 (9th Cir. 2003). However, the Court may elect not to award costs where the party is indigent or where other compelling circumstances exist. Escriba v. Foster Poultry Farms, Inc., 743 F.3d 1236, 1247-48 (9th Cir. 2014). The losing party must demonstrate why costs should not be awarded. Nat'l Info. Servs., Inc. v. TRW, Inc., 51 F.3d 1470, 1471-72 (9th Cir. 1995). "Appropriate reasons for denying costs include: (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." Id. (citing Ass'n of Mexican-Am. Educators v. State of California, 231 F.3d 572, 592-3 (9th Cir. 2000). This list is not exhaustive, but rather a starting point for analysis. Escriba, 743 F.3d at 1248.

## III.    Analysis

This case involved Plaintiff's claims that Defendant desecrated Plaintiff's Quran by stepping on and kicking it. The Court found that Defendant's actions, if proven, certainly would qualify as despicable, but not rise to the level of a First Amendment violation. (See Order Adopting Findings and Recommendations to Grant Def.'s Mot. for Summ. J. (ECF No. 145) at 4-5.) Defendant was the prevailing party, and the prevailing party generally is allowed to recover reasonable costs.

In support of his opposition to the cost bill, Plaintiff argues, in effect, that although the case did not proceed beyond summary judgment, it raised freedom of religion and prisoner rights issues of substantial public importance. Plaintiff, proceeding pro se and in forma pauperis, litigated the case against licensed attorneys and the power of the

state over several years. He is indigent; Defendant is backed by the wealth of the state of Californian insofar as costs of this litigation are concerned. Charging the costs to Plaintiff will chill him and others from pursuing their rights through the legal system.

The Court has no reason to doubt that Plaintiff was well and unselfishly motivated in pursuing this case and that covering the full costs would be difficult for him, to say the least. The Court must balance the foregoing against granting what is regularly awarded the prevailing party. Moreover, Defendant is not seeking to recover excessive, questionable, or marginal costs. He seeks nothing more than to be repaid the amount actually paid a third party for something almost always essential to defense of a case—a transcript of Plaintiff's deposition testimony.

The Court will consider specifically the factors identified in the above cited cases. First, this case is one of some public import. It raises questions regarding the respect due another's spiritual beliefs and the treatment to be afforded inmates who practice Islam, a minority religion. The issues raised have implications reaching beyond Plaintiff. Hopefully, for the reason next mentioned below, the case will send a message to others of similar attitude. Second, the decision to grant Defendant's summary judgment motion was by no means easy. Despite finding that Defendant's actions did not rise to the level of a constitutional violation, the Court found them to be disrespectful and even repugnant. Third, however, Defendant rightly points out that taxing costs against Plaintiff would no more chill his access to the Courts than any other plaintiff. All litigants must weigh the relative risks of filing a civil suit (including the financial risks) against the potential benefits. See, e.g., Rodriguez v. Cook, 169 F.3d 1176, 1181 (9th Cir. 1999) ( "[r]equiring prisoners to pay filing fees for suits will force them to go through the same thought process non-inmates go through before filing a suit, i.e., is filing this suit worth the costs?") Fourth, the fact that Plaintiff is an indigent inmate does not necessarily warrant special treatment. To deny Defendant costs solely on these grounds might well incentivize Plaintiff and others to file, risk free, multiple meritless lawsuits. Padula v. Morris, No. 2:05-CV-00411-MCE, 2014 WL 280971, at *2 (E.D. Cal. Jan. 24, 2014).

Finally, the economic disparity between the parties—a prisoner and a state entity—is about as great as one might envision. The state would hardly notice a $1,189.95 expenditure. Plaintiff, on the other hand, might never have the opportunity to get out from under a debt of that magnitude.

Considering all of the foregoing, the Court finds the interests of justice would not be served by taxing the full amount of the costs against Plaintiff. Still, Defendant, as the prevailing party, is entitled to some amount of reimbursement, and there is value and principle in holding unsuccessful inmate litigants at least partially accountable for the costs of their suits. "The district court may apportion costs between the winning and losing parties." Oyarzo v. Tuolumne Fire Dist., No. 1:11-CV-01271-SAB, 2014 WL 1757217, at *2 (E.D. Cal. Apr. 30, 2014) (citing In re Paoli, 221 F.3d 449, 469 (3d. Cir. 2000)). Therefore, Defendant's request for costs will be granted in part. $500.00 will be taxed against Plaintiff.

**IV.  Conclusion**

For the foregoing reasons, IT IS HEREBY ORDERED THAT Defendant's request for costs is GRANTED IN PART. Costs will be taxed against Plaintiff in the amount of $500.00.

IT IS SO ORDERED.

Dated:  August 18, 2017                    /s/ *Michael J. Seng*
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

4