UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL HARRIS,<br><br>        Plaintiff,<br><br>    v.<br><br>S. ESCAMILLA,<br><br>        Defendant. | No. 1:13-cv-01354-DAD-MJS<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>(Doc. No. 162) |

This matter is now before the court on a request for reconsideration of the magistrate judge's order awarding $500.00 in costs to defendant, the prevailing party here, in lieu of the $1,189.95 requested. (Doc. No. 162.) Federal Rule of Civil Procedure 72(a) provides that non-dispositive pretrial matters may be referred to and decided by a magistrate judge, subject to review by the assigned district judge. *See also* Local Rule 303(c). The district judge shall modify or set aside any part of the magistrate judge's order which is "found to be clearly erroneous or contrary to law." Local Rule 303(f); *see also* 28 U.S.C. § 636(b)(1)(A). Orders concerning the award of costs under Federal Rule of Civil Procedure 54 are non-dispositive motions which come within the scope of Rule 72(a) and 28 U.S.C. § 636(b)(1)(A). *Cf. United States ex rel. Doe v. Biotronik, Inc.*, No. 2:09-cv-3617-KJM-EFB, 2015 WL 6447489, at *6 (E.D. Cal. Oct. 23, 2015) (recognizing that a motion for attorneys' fees under Rule 54was non-dispositive). Having considered the parties' submissions, the request for reconsideration will be denied.

1

Defendant has provided no basis on which the court can conclude that the magistrate judge's order is contrary to law. Rather, the magistrate judge considered and applied the appropriate legal standard, reaching the conclusion that defendant's motion for costs should be granted in part under the circumstances of this particular case.[1] Simple disagreement with that decision does not warrant finding the application was contrary to law. *See, e.g.*, *Estate of Stephen E. Crawley v. Robinson*, No. 1:13-cv-02042-LJO-SAB, 2015 WL 3849107, at *5 (E.D. Cal. June 2, 2015) (noting that "mere disagreement with the Magistrate Judge's order" did not warrant reconsideration); *United States v. Davis*, No. CR S-98-0114-KJM-DAD P, 2012 WL 3233940, at *1 (E.D. Cal. Aug. 6, 2012) ("Movant's mere disagreement with the magistrate judge's rulings is not grounds for reconsideration.").

Therefore, the motion to reconsider the magistrate judge's award of costs (Doc. No. 162) is denied. Further, the plaintiff's motion for an extension of time to respond to the motion for reconsideration (Doc. No. 164) is denied as moot.

IT IS SO ORDERED.

Dated: **October 4, 2017**

UNITED STATES DISTRICT JUDGE

---

[1] To the extent defendant is concerned the magistrate judge was asserting he had previously made a finding as to the actions defendant in this case actually took, the concern is misplaced. The conclusion reached in the findings and recommendations was that, "*even if* the evidence supported Plaintiff's claims that Defendant desecrated Plaintiff's Quran," summary judgment was warranted in favor of defendant. (Doc. No. 120 at 11) (emphasis added). The magistrate judge's comment in the order objected to here was nothing more than a statement that actions such as purposely stepping on or kicking an inmate's Quran, *if ultimately proven*, would be disrespectful. The magistrate judge did not state that he had found that defendant had, in fact, desecrated plaintiff's Quran. Therefore, there is no reason to strike portions of the order as defendant requests in the alternative.

2