UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL HARRIS,<br><br>    Plaintiff,<br><br>    v.<br><br>S. ESCAMILLA,<br><br>    Defendant. | Case No. 1:13-cv-01354-DAD-JDP<br><br>ORDER GRANTING PLAINTIFF'S REQUESTS TO<br><br>(1) TAX HIS APPELLATE FILING FEE;<br>(2) RECONSIDER COSTS TAXED AGAINST PLAINTIFF FOR PLAINTIFF'S DEPOSITION; AND<br>(3) EXTEND THE TIME TO FILE THE SECOND AMENDED COMPLAINT.<br><br>(Doc. Nos. 172, 173, 174.) |

Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action brought under 42 U.S.C. § 1983. On May 25, 2018, the U.S. Court of Appeals for the Ninth Circuit held that the court erred in granting summary judgment against plaintiff and that defendant Escamilla "shall bear the costs on appeal." (Doc. No. 167 at 2-4, 6.) Accordingly, on June 19, 2018, the court granted plaintiff leave to amend his complaint and set a July 13, 2018, deadline for plaintiff to file a second amended complaint. (Doc. No. 171.) On July 5, 2018, plaintiff filed three motions; the court will discuss each in turn.

**1. Plaintiff's Request to Tax His Appellate Filing Fee. (Doc. No. 172.)**

Plaintiff moved to tax defendant Escamilla the cost of the appellate filing fee under Rule

1

39 of the Federal Rules of Appellate Procedure. (Doc. No. 172.) Defendant Escamilla opposed this request, arguing that the appellate fee "is not a taxable cost under 28 U.S.C. § 1920" because plaintiff is proceeding *in forma pauperis* and "has not actually paid the filing fee." (Doc. No. 175 at 1.)

Proceeding *in forma pauperis* is governed by 28 U.S.C. § 1915. The statute allows indigent prisoners to commence civil actions without paying filing fees, but it maintains that "prisoner[s] shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Accordingly, courts are required to assess prisoners' ability to pay the filing fee, and, "when funds exist, collect [payments] of any court fees required by law." *See id.* Therefore, pursuant to the Ninth Circuit's instructions, the court grants plaintiff's request to tax his appellate filing fee to the extent any filing fee was deducted from plaintiff's trust account. Plaintiff may file a bill of costs under Rule 54(d) of the Federal Rules of Civil Procedure within 14 days of this order.

### 2. Plaintiff's Request to Reconsider Costs Taxed Against Plaintiff for Plaintiff's Deposition Transcript. (Doc. No. 173.)

Plaintiff moved (Doc. No. 173) the court to reconsider its order granting in part defendant's request for costs. (Doc. No. 161.) In accordance with Rule 54(d) of the Federal Rules of Civil Procedure, the court had taxed costs against the plaintiff in the amount of $500 for plaintiff's deposition transcript because defendant was the prevailing party. Per the Ninth Circuit's decision, defendant is no longer the prevailing party. Therefore, plaintiff's motion is granted, and the court vacates its prior orders (Doc. Nos. 161, 163) taxing costs against plaintiff in the amount of $500.00. Plaintiff is entitled to reimbursement for any payments he has made toward the $500 in costs.

### 3. Plaintiff's Request for an Extension of Time to File the Second Amended Complaint. (Doc. No. 174.)

Plaintiff requested an extension of time to file a Second Amended Complaint. (Doc. No. 174.) Good cause appearing, the request is granted. The time for plaintiff to file his amended complaint is extended from July 13, 2018, to August 24, 2018.

IT IS SO ORDERED.

Dated:   July 14, 2018   

_____
UNITED STATES MAGISTRATE JUDGE