UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL HARRIS,<br><br>    Plaintiff,<br><br>v.<br><br>S. ESCAMILLA,<br><br>    Defendant. | Case No. 1:13-cv-01354-DAD-JDP<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR STRIKE PLAINTIFF'S SECOND AMENDED COMPLAINT<br><br>ECF No. 192 |

Plaintiff Darrell Harris is a state prisoner proceeding with counsel in this civil rights action brought under 42 U.S.C. § 1983. On May 25, 2018, the U.S. Court of Appeals for the Ninth Circuit held that this court erred in granting summary for defendant Escamilla on Harris's First Amendment and Equal Protection claims, and remanded for Harris to amend his Bane Act claim. *See* ECF No. 167; *Harris v. Escamilla*, 736 F. App'x 618 (9th Cir. 2018). On June 19, 2018, I gave Harris leave to amend. ECF No. 171. Between the remand and the amendment, Harris—once pro se—obtained counsel. ECF No. 187. Harris filed his second amended complaint on September 7, 2018. ECF No. 191. The amendments were substantial, but did not include a Bane Act claim. On September 21, Escamilla filed a motion to dismiss or strike the second amended complaint, arguing that the amendments were unauthorized by the court of appeals' mandate and contained "immaterial, impertinent, or scandalous matter" that should be struck under Rule 12(f) of the Federal Rules. *See* ECF No. 192. Harris filed an opposition on

1

October 5.  ECF No. 196.  Escamilla replied on October 10.  ECF No. 198.

     I am not persuaded that Harris's second amended complaint should be dismissed or struck.  First, the complaint does not violate the court of appeals' mandate.  While "lower courts are obliged to execute the terms of a mandate, they are free as to anything not foreclosed by the mandate." *United States v. Kellington*, 217 F.3d 1084, 1092 (9th Cir. 2000) (citations and internal quotation marks omitted).  Here, the court of appeals "remand[ed] this claim to the district court for Harris to be given leave to amend." *Harris*, 736 F. App'x at 622.  While the panel contemplated a narrow amendment that would "allege compliance with the Government Claims Act" for the purpose of a Bane Act claim, the mandate did not foreclose other amendments.  The scope of other amendments was not a "matter decided on appeal" from which this court "cannot vary" or "examine . . . for any other purpose than execution." *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255 (1895).  I thus retain discretion over the scope of amendments under Rule 15 of the Federal Rules.

     Second, Harris's second amended complaint does not contain "immaterial, impertinent, or scandalous matter" that should be struck under Rule 12(f).  The purpose of a Rule 12(f) motion to strike is "to avoid the expenditure of time and money that must arise from litigating spurious issues." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).  Here, I see no evidence that the amendments to the complaint are "spurious"; to the contrary, they refine the First Amendment and Equal Protection claims that were before the court of appeals.

     Harris was, until recently, proceeding without counsel.  The first amended complaint was handwritten on notebook paper; the second has been honed with the input of an attorney.  *Compare* ECF No. 9 *with* ECF No. 191.  Rule 15(a)(2) commands that a "court should freely give leave [to amend] when justice so requires." *See also Penwell v. Holtgeerts*, No. 05-2106, 2013 WL 3553417, at *2 (W.D. Wash. July 11, 2013) (noting that amendments like those here can be "especially appropriate" for a pro se plaintiff).  Here, justice is best served by allowing the amendments.

IT IS SO ORDERED.

Dated: August 12, 2019

                                        /s/ Jeremy Peterson
                                 UNITED STATES MAGISTRATE JUDGE

No. 205.