UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL E. HARRIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>S. ESCAMILLA, in his individual capacity,<br><br>　　　　　Defendant. | No. 1:13-cv-01354-DAD-JDP (PC)<br><br>ORDER DENYING DEFENDANT'S REQUEST FOR RECONSIDERATION OF DEFENDANT'S MOTION TO DISMISS OR STRIKE PLAINTIFF'S SECOND AMENDED COMPLAINT<br><br>(Doc. No. 208) |

Plaintiff Darrell E. Harris is a state prisoner proceeding with counsel in this civil rights action brought pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before the court is defendant's request for reconsideration of the assigned magistrate judge's order denying defendant's motion to dismiss or strike plaintiff's second amended complaint. (Doc. No. 208.)

The court has reviewed the magistrate judge's order, as well as the parties' briefing, and for the reasons set forth below, will deny defendant's motion for reconsideration.

/////

/////

1

## BACKGROUND

This court previously granted summary judgment in favor of defendant Escamilla on plaintiff's Free Exercise and Equal Protection claims and dismissed plaintiff's Religious Land Use and Institutionalized Persons Act ("RLUIPA") and Bane Act claims. On appeal, the U.S. Court of Appeals for the Ninth Circuit reversed the grant of summary judgment on the Free Exercise and Equal Protection claims and affirmed the RLUIPA and Bane Act dismissals but remanded to this court with instruction to grant plaintiff leave to amend his Bane Act claim. *Harris v. Escamilla*, 736 Fed. Appx. 618 (9th Cir. 2018).

Following remand, plaintiff's new counsel[1] filed a second amended complaint ("SAC") on September 7, 2018. (Doc. No. 191.) The magistrate judge noted that "the amendments were substantial, but did not include a Bane Act claim." (Doc. No. 206.) On September 21, 2018, defendant filed a motion to dismiss or strike the SAC on the grounds that (1) the amendments exceeded the mandate provided by the court of appeals, and (2) contained "impertinent, immaterial and scandalous matter" that should be struck under Rule 12(f) of the Federal Rules of Civil Procedure. (Doc. No. 192) On August 12, 2019, the magistrate judge denied defendant's motion to strike or dismiss the SAC. (Doc. No. 206) Defendant now requests reconsideration of the magistrate judge's order.

## STANDARDS OF REVIEW

On a request for reconsideration, a district court reviews a magistrate judge's ruling under the "clearly erroneous or contrary to law" standard. E.D. Cal. L.R. 303(f) (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a)).

"A finding is clearly erroneous when although there is evidence to support it, the reviewing [body] on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 622 (1993) (citation and quotations omitted). "[R]eview under the 'clearly erroneous' standard is significantly deferential," *id.* at 623, and "the reviewing court may not

---

[1] Prior to appeal, plaintiff was proceeding pro se in this action.

2

simply substitute its judgment for that of the deciding court." *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

"The 'contrary to law' standard allows independent, plenary review of purely legal determinations by the magistrate judge." *Estate of Stephen E. Crawley v. Robinson*, 2015 WL 3849107, at *2 (E.D. Cal. June 22, 2015). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id.* (citation omitted).

Jurisdictional challenges, however, are a question of law and are reviewed *de novo*; this includes the question of whether a magistrate judge complied with the rule of mandate. *See United States v. Thrasher*, 483 F.3d 977, 982 (9th Cir. 2007). "The rule of mandate provides that any district court that has received the mandate of an appellate court cannot vary or examine that mandate for any purpose other than executing it. The district court, may, however, decide anything not foreclosed by the mandate. But the district court commits jurisdictional error if it takes actions that contradict the mandate." *Stacy v. Colvin*, 825 F.3d 563, 567–68 (9th Cir. 2016) (citations and quotations omitted).

A court's discretionary ruling is only reversed for an abuse of discretion when the court is "firmly convinced that the reviewed decision lies beyond the pale of reasonable justification under the circumstances." *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 953 (9th Cir. 2011).

## DISCUSSION

### A. The Scope of the Court of Appeals' Mandate

The court of appeals remanded the case with instructions for "Harris to be given leave to amend" his defective Bane Act claim. *Harris*, 735 Fed. Appx. at 622. Because plaintiff's SAC does not include a Bane Act claim and includes substantial amendments, defendant argues that the SAC "seek[s] to vastly expand the scope of the case . . . far beyond anything contemplated by the mandate" of the appeals court. (Doc. No. 208) Defendant reasons that "[b]ut for the Bane Act claim, no amendment was sought by Plaintiff or would have been granted by Court of Appeal[s]," and so "[o]nly an amendment of the Bane Act claim . . . was authorized." (*Id.*).

/////

3

In the order denying defendant's motion to dismiss or strike plaintiff's SAC, the magistrate judge noted that while "lower courts are obliged to execute the terms of a mandate, they are free as to anything not foreclosed by the mandate." (Doc. No. 206) (citing *United States v. Kellington*, 217 F.3d 1084, 1092 (9th Cir. 2000) (citation and quotations omitted)). As plaintiff points out, the Ninth Circuit Court of Appeals could have placed limitation on the scope of any future amendment to the complaint but did not do so. (Doc. No. 209 at 4.) The fact that the SAC filed by counsel on plaintiff's behalf did not include a revised Bane Act claim but instead included substantial revisions does not place it out of the scope of the court of appeals' order. Thus, the magistrate judge properly followed the court of appeals' mandate.

**B. Exercise of the Court's Discretion in Accepting the Second Amended Complaint**

Defendant argues that "[e]ven if the SAC does not exceed the scope of the [court of appeals'] mandate, allowing the [SAC] constitutes an abuse of discretion." (Doc. No. 208) The SAC, according to defendant, should not have been permitted by the magistrate judge because of undue delay and prejudice to the defendant. (*Id.*). The court disagrees.

Even if the court of appeals' mandate was to be construed narrowly, the SAC does not deviate from allegations of which defendant should already be aware. Although defendant lists a litany of facts that purportedly "expands the factual basis [for] Plaintiff's claims far beyond the alleged desecration of the Quran that was the basis of this case since 2014" and contends that the "additional facts" included in the SAC are the product of undue delay because plaintiff "must have known of the additional facts when he filed his original complaint" five years ago, each incident described by the defendant had previously been disclosed either in the allegations of the first amended complaint or expanded upon in litigation prior to remand. (Doc. Nos. 208, 209).

As such, the magistrate judge was properly within his discretion when he found that plaintiff's amendments "refine the First Amendment and Equal Protection claims that were before the court of appeals." (Doc. No. 206); *see* Fed. R. Civ. P. 15(a)(2) ("[A] party may amend its pleading only with . . . the court's leave. The court should freely give leave when justice so requires."); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) ("A district court shall grant leave to amend freely when justice so requires. We have stated that this

policy is to be applied with extreme liberality." (citations and internal quotations omitted)).

Plaintiff's SAC does not present new issues on remand, nor are the allegations set forth therein immaterial, impertinent, or scandalous. Defendant was on fair notice that the facts alleged in the SAC are relevant and related to the claims and legal theories that plaintiff has consistently advanced during the litigation of this action.[2] For that same reason, defendant has not shown that he would be unfairly prejudiced by the court's allowing the SAC to be filed.

## CONCLUSION

Having reviewed the magistrate judge's decision, the court concludes that the magistrate judge's denial of defendant's motion to dismiss was neither clearly erroneous nor contrary to law. By granting plaintiff leave to amend and permitting the filing of the SAC now before the court, the magistrate judge properly exercised his discretion while still hewing to the court of appeals' mandate.

Accordingly, defendant's request for reconsideration (Doc. No. 208) of the denial of his motion to dismiss or strike plaintiff's second amended complaint is denied. This case is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **September 4, 2019**

_____
UNITED STATES DISTRICT JUDGE

---

[2] This is especially so because complaints filed by *pro se* litigants are to be construed liberally. *Davis v. Silva,* 511 F.3d 1005, 1009 (9th Cir. 2008) (noting that "petitions must be read in context and understood based on the particular words used" and that "pro se . . . petitions are held to a more lenient standard than counseled petitions" (citations and internal quotations omitted)); *Haines v. Kerner,* 404 U.S. 519, 520–21 (1972) (holding that prisoner civil rights claims, "however inartfully pleaded," are held "to less stringent standards than formal pleadings drafted by lawyers").

5