UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL HARRIS, | Case No. 1:13-cv-01354-DAD-JDP |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR ADDITIONAL DISCOVERY |
| v. | |
| S. ESCAMILLA, | ECF No. 197 |
| Defendant. | |

    Plaintiff Darrell Harris is a state prisoner proceeding with newly-appointed counsel in this civil rights action brought under 42 U.S.C. § 1983. On May 25, 2018, the U.S. Court of Appeals for the Ninth Circuit held that this court erred in granting summary judgment for the defendant on Harris's First Amendment and Equal Protection claims. After the remand, Harris (formerly unrepresented) obtained counsel. ECF No. 187. On October 5, 2018, Harris filed a motion to reopen discovery for 120 days so that "he can exchange initial disclosures with Defendant, serve written discovery, and notice deposition." ECF No. 197-1 at 1-2. Defendant Escamilla has opposed the motion, ECF No. 199, and Harris has responded to Escamilla's opposition, ECF No. 201.

    The district courts have "broad discretion in supervising the pretrial phase of litigation." *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1065 (9th Cir. 2017) (internal quotation marks and citation omitted). But this discretion is not unbounded. The Ninth Circuit has

instructed the lower courts to consider the following factors when considering a motion to reopen discovery: "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence." *Id.* at 1066 (citation omitted).

Here, the balance of factors weighs in favor of reopening discovery. No trial is imminent. Despite proceeding without counsel and within prison, Harris did appear to make largely diligent efforts toward obtaining discovery, and his new counsel has been diligent. The reversal and remand at the court of appeals, and plaintiff's subsequent representation by counsel, were not easily foreseeable developments in this litigation. And, finally, given the nature of the evidence in question—including a deposition of the sole defendant—and the fact that Harris now proceeds with the benefit of counsel, I find it likely that additional discovery will lead to relevant evidence. I recognize that the request is opposed, and that defendants may be prejudiced by the burdens of additional discovery. But, in this case, the expected benefits and the interests of justice outweigh those burdens—a result that accords with how courts in this circuit have treated similar requests. *See Holmes v. Estock*, No. 16-2458, 2018 WL 934596, at *2 (S.D. Cal. Feb. 16, 2018) ("Plaintiff has demonstrated good cause for resetting dates contained in the scheduling order. Plaintiff's recently retained counsel was diligent in his effort to modify the scheduling order once he became aware of the deficiencies in Plaintiff's discovery that occurred when Plaintiff was proceeding pro se."); *Calloway v. Scribner*, No. 05-01284, 2014 WL 1317608, at *1 (E.D. Cal. Mar. 27, 2014) ("Courts have permitted the reopening of discovery where a state prisoner proceeding pro se moved to reopen discovery following the appointment or retention of counsel after the discovery cutoff date."); *Draper v. Rosario*, No. 10-0032, 2013 WL 6198945, at *3 (E.D. Cal. Nov. 27, 2013) (The rule that the arrival of new counsel does not justify additional discovery "is sometimes relaxed when, as here, pro bono counsel have agreed to represent pro se plaintiffs after the discovery deadlines have closed."); *Woodard v. City of Menlo Park*, No. 09-3331, 2012 WL 2119278, at *1 (N.D. Cal. June 11, 2012) ("The Court recognizes that Plaintiff's attorney was

recently appointed as counsel and needs adequate time and materials to properly prepare for trial in this action . . . . While it is undisputed that Plaintiff did not comply with the discovery deadlines set forth in the Scheduling Order, the Court finds that Plaintiff's failure to conduct discovery was due to his pro se status, mental disability and lack of legal expertise, and not as a result of bad faith or carelessness.").

**Order**

Harris's motion for additional discovery, ECF No. 197, is granted. The parties shall have an additional 120 days from the date of this order to engage in discovery. Additional time for discovery will not be granted absent extraordinary circumstances.

IT IS SO ORDERED.

Dated: September 13, 2019

_____
UNITED STATES MAGISTRATE JUDGE

No. 205